GEORGE PINKEL

v.

THE DOMESTIC SEWING MACHINE COMPANY.

89  277
69a 205
89  277
83a 439
89    277
105a ²119

1. PRACTICE — *affidavit of claim* — *whether its sufficiency may be questioned.* When a defendant files no plea, and makes no application for leave to file a plea, but suffers a default to be taken, he can not assign for error the refusal of the court to strike the plaintiffs affidavit of claim from the case.

2. ASSESSMENT OF DAMAGES *on default—by whom.* Upon default the statute gives either party the right to have the damages assessed by a jury, and it is error to refuse a jury when asked by the defendant.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. WINKELMAN & RICKERT, for the appellant.

Mr. E. P. SLATE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of debt, brought by the Domestic Sewing Machine Company, against Moeslin & Pinkel, upon a penal bond, the penalty of which was $150, executed on the 29th of October, 1874, by the defendants, reciting that Moeslin had become the agent of the plaintiff for the purpose of selling and renting the manufactures of the plaintiff, and obtaining credit from plaintiff for machines and other articles to be consigned from time to time to Moeslin, and the condition of the bond was, that Moeslin would faithfully pay each and every indebtedness or liability incurred by him to the plaintiff. The declaration alleged, that about the 12th of December, 1874, the plaintiff furnished and sold to Moeslin goods to the amount of $46.88, and that Moeslin had failed and refused to pay for them.

A copy of the bond was filed with the declaration, and an affidavit of merits, so called. The summons was served upon Pinkel, but returned not served as to Moeslin. At the return term Pinkel moved to strike out the affidavit attached to the declaration. This motion the court overruled. Pinkel was then called, and judgment rendered against him by default. He then demanded a jury to assess the damages, which the court refused. To each of the rulings of the court, in refusing to strike the affidavit from the files and also in refusing a jury to assess the damages, the defendant excepted. The damages were assessed by the court. Judgment was entered for the penalty of the bond, to be discharged on the payment of the damages so assessed. From this judgment the defendant appeals.

Counsel for appellant present two points: *First*, that it was error to refuse the motion to strike from the files the affidavit

of merits (or of claim) and, *Second,* it was error to refuse the application of appellant to have a jury to assess the damages.

It is insisted, in an elaborate argument, that this affidavit of claim is not a full compliance with section 37, chapter 110, of the Revised Statutes. Without passing upon that question, it is sufficient to say it is not perceived how the defendant was prejudiced by the ruling of the court. The defendant filed no plea in the case, made no application for leave to file a plea, and palpably the affidavit was totally unnecessary and the question of its sufficiency is entirely immaterial. If there had been no affidavit, plaintiff would have been entitled to have the defendant defaulted for want of plea, as was done.

The second point, however, is well taken. Section 41 of the Practice Act provides, "Upon default * * * either party may have the damages assessed by a jury." (Rev. Stat. 780.)

These words are imperative, and are not open to construction. The defendant is entitled, by law, to have his damages assessed by a jury. When he demanded it, it was error to deny it, and for this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*