### B. E. Blizzard v. Julius G. Epkens.

1.  PRACTICE—*Extension of Time in Which to Present an Amended Affidavit of Merits.*—The application for an extension of time in which to present an amended affidavit of merits is addressed to the sound discretion of the court and unless that discretion has been abused, it will not be disturbed.

2.  SAME—*Where Party May Have the Damages Assessed by a Jury.*—Section 41 of the practice act provides that in all suits in the courts of record in this state, upon default, either party may have the damages assessed by a jury. The words are imperative and not open to construction. A defaulted defendant, at any time before the damages are assessed by the court, is entitled, on asking it, to have his damages assessed by a jury, and the refusal of the court to grant his request is reversible error.

3.  SAME—*Plea to Declaration Supported by Affidavit of Merits.*—Where, under Ch. 110, Sec. 37, R. S., the plaintiff supports his declaration with an affidavit of claim, defendant's plea must be supported by an affidavit of a meritorious defense.

Assumpsit, upon a promissory note. Appeal from the County Court of Tazewell County; the Hon. GEORGE C. RIDER, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

W. B. COONEY, attorney for appellant.

W. A. POTTS and O. A. SMITH, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The County Court of Tazewell County rendered judgment by default against appellant for $293.97 in a suit which appellee had brought upon a promissory note executed to him by appellant.

The amended special count declaring upon the promissory note and the common counts was supported by an affidavit of merits. Appellant filed a plea of *non est factum* verified, and other pleas, but filed with them no affidavits of merits. Three or four days thereafter, on November 4, 1901, he filed an affidavit, but one that was defective as an affidavit of merits. On the 9th of November the court struck the pleas from the files. Thereupon appellant moved the court to grant him until eleven o'clock A. M., November 11th, to file a sufficient affidavit of merits, and supported his motion by a lengthy affidavit of his attorney; but the court overruled the motion. Appellant then objected to the court assessing damages upon the declaration and affidavit of merits thereto attached without calling a jury to assess the damages. The court refused to call a jury to assess the damages and rendered judgment against appellant for $293.97, that being the amount named in the affidavit and the amount due on the note as principal, interest and attorney's fees.

A reversal of the judgment is urged because the court erred in striking the pleas from the files, in refusing appellant time in which to file an amended affidavit and in refusing to have the damages assessed by a jury.

The court properly ordered the pleas stricken from the files. Only the plea of *non est factum* was supported by a good affidavit, and that plea did not purport to answer the entire declaration. Had the declaration contained only the special count, the affidavit would have been sufficient; but it contained also the common counts, to which was appended the affidavit of appellee that his demand was for loaned money.

The application for an extension of time in which to present an amended affidavit of merits was addressed to the sound discretion of the court, and in view of the fact that

appellant first filed pleas without an affidavit and that he several days afterward filed an insufficient affidavit, we are not prepared to say that the court abused its discretion in refusing to grant two days in which to present a sufficient affidavit.

The court refused to call a jury to assess the damages. Section 41 of the practice act provides that " In all suits in the courts of record in this state upon default   *   *   * either party may have the damages assessed by a jury." The words are imperative and not open to construction. A defaulted defendant, at any time before the damages are assessed by the court, is entitled, on asking it, to have his damages assessed by a jury and the refusal of the court to grant his request is reversible error.   Pinkel v. Domestic Sewing Machine Company, 89 Ill. 277.   It is contended by appellee, however, that no sufficient request for a jury was made by appellant.   It is hypercritical to say that no request was made for a jury to assess the damages.   Appellant specifically objected to the court's assessing the damages or to entering judgment without calling a jury to assess them, and the trial judge makes the bill of exceptions recite that the court refused to impanel a jury to assess the damages.   To all intents and purposes there was a request for a jury and the court evidently so understood it.   There is nothing in the contention that appellant was not entitled to a jury for the reason that he did not apply for it at the first day of the term as provided by section 200 of chapter 37, entitled " Courts."   The provision therein contained is applicable only to cases pending at a term where no jury has been summoned.   For this error, the judgment will be reversed and the cause remanded.