### Frederick H. Loellke, et al., v. W. T. Grant, et al.

1. ASSIGNMENT OF ERROR—*when deemed waived.* An assignment of error not argued is deemed waived.

2. ACTION OF DEBT—*what plea not proper in.* The plea of the general issue is improper in an action of debt.

3. NIL DICIT—*what judgment of, does not admit.* A judgment by *nil dicit* does not admit the amount of the damages.

4. ASSESSMENT OF DAMAGES—*right of defendant upon.* A defendant in default has, with respect to the assessment of damages, the right of trial by jury, the privilege of cross-examination and of introducing independent evidence upon the question of the damages sought to be recovered.

Action of debt. Appeal from the Circuit Court of Jersey County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

THOMAS F. FERNS, for appellants.

HAMILTON & HAMILTON, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

To the declaration of appellees in an action of debt on an attachment bond, appellants pleaded, first, *nil debet;* second, *non est factum;* third, *nul tiel record;* fourth, a special plea, averring return of property attached; and fifth, a special plea, averring that the merits of the case were not tried in the action in which the bond was given; that the property was returned and that appellees were not entitled to a greater judgment than one cent. The plea of *non est factum* was withdrawn by appellants and general and special demurrers interposed by appellees to the other pleas were sustained in court. Thereafter appellants filed a plea, denominated by counsel, a plea of the general issue, together with notice of set-off. A demurrer to the last-mentioned plea was sustained, the notice of set-off was stricken from the files and judgment by *nil dicit,* was, on motion of appellees, rendered against appellants. Appellants thereupon moved the court to have the damages assessed by a jury, but the motion was overruled and the court proceeded to hear evidence as to the damages and entered a finding thereon of damages amounting to $129.27 and rendered judgment, on such finding, against appellants, for $450 debt, to be discharged upon the payment of $129.27 damages and costs of suit.

While it is assigned for error that the court erred in sustaining demurrers to the pleas, no argument is attempted in support of that assignment and it must be deemed to be waived. The pleas *nil debet* and *nul tiel record,* however, were demurrable in an action of debt upon the attachment bond. Mix v. The People, 86 Ill. 329; Kilgour v. Drainage Com's, 111 Ill. 342. The so-called plea of the general issue was not appropriate to a declaration in an action of debt.

The judgment by *nil dicit* operated substantially as a judgment by default against appellants and admitted every material allegation of the declaration, but it did not admit the amount of damages. Wanack v. The People, 187 Ill. 116. Upon the question of the assessment of damages ap-

pellants were, upon demand, entitled to a jury and to cross-examine appellees' witnesses and to introduce evidence on their own behalf. Pinkel v. Domestic S. M. Co., 89 Ill. 277; Blizzard v. Epkens, 105 Ill. App. 117; Hurd's Stat., 1903, chap. 110, sec. 41. For the error in overruling appellants' motion to have the damages assessed by a jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*