William H. Robinson, Defendant in Error, v. Zalik
Alexander, alias, etc., Plaintiff in Error.

## Gen. No. 13,856.

TROVER—*measure for damages in action of.* The proper measure
of damages in an action of trover is the current market value of
the property alleged to have been converted, at the time of the
conversion, with interest from that time until the time of the trial.

Trover. Error to the Municipal Court of Chicago; the Hon.
STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the
October term, 1907. Reversed and remanded. Opinion filed May 18,
1908.

SCHUYLER, JAMIESON & ETTELSON, for plaintiff in
error.

FOSTER, BRADLEY & STETSON and ROBERT B. CLARK,
for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the
court.

The claim of the plaintiff, William H. Robinson, is
for damages for the alleged conversion of certain
household furniture stored with the defendant, Zalik
Alexander, for safe keeping. The defendant filed a
claim of set-off for cartage, packing and storage. The
case was tried by the court and a jury; the jury found
the issues for the plaintiff and assessed his damages
at $495.41, and the court, after overruling defend-
ant's motions for a new trial and in arrest of judg-
ment, rendered judgment on the verdict.

The contentions of plaintiff's counsel, relied on in
argument, are that the court erred in admitting in-
competent evidence, and in excluding competent evi-
dence, and in giving and refusing instructions.

The furniture was purchased by the plaintiff from
the Hartman Furniture Company, and was used by
him a year after he purchased it, and was stored by

him with the defendant, who seems to have been doing business in the name of ''Liberty Storage Warehouse,'' October 3, 1903, and defendant receipted for it at that date.  The plaintiff never paid any storage charges on the goods.  September 27 or 28, 1906, plaintiff, by his agent, made demand on the defendant for the goods, and was informed by the defendant that the goods had been sold for charges.

The defendant testified that the goods were advertised for sale in April, 1905, and were sold in May, 1905.  The question whether or not the defendant had lawful right to sell the goods is not raised by counsel. The plaintiff himself was the only witness as to the damages.  He testified, in substance, that he purchased the goods from the Hartman Furniture Company and paid $521 for them, and that all he knew of their value was that he paid that price for them. He used the goods a year before he stored them October 3, 1903, so that he must have purchased them at least as early as October 3, 1902.  He demanded return of the goods from the defendant September 27, or 28, 1905, within a few days of three years from the time he purchased them, and after using them as household goods for a year.  The price which he paid for the goods is not evidence of their value when purchased, as they may have been greater or less than the market value, or actual ratio.  Brewster v. Van Liew, 119 Ill. 554, 562.  Even if the price paid in October, 1902, could be held to be evidence of value at that date, it certainly could not be evidence of the value in May, 1905, when the defendant sold the goods, or September 27 or 28, 1906, when demand was made on him, and especially after the goods had been in use by the plaintiff for a year.

It is contended by counsel for plaintiff that no objection to the plaintiff's testimony as to value was made.  Plaintiff testified in chief that the value September 20, 1905, was $521, but, on cross-examination, he said he did not know what the goods were worth

September 20, 1906, and on redirect he said he fixed the value by the original bills of the Hartman Furniture Co., and stated that, at the time he authorized demand to be made, he would say they were worth what he paid for them, $521, to which counsel for the defendant objected. On recross this occurred:

"Q. You have no recollection on that, other than the reference to the bills; you had no knowledge as to their value without reference to the bills, and your only knowledge is what the bills stated? A. That is the only way I could find that out."

On redirect he said he did not know what the condition of the goods was September 20, 1906. It appears from his testimony that he had not seen the goods since July, 1903, before they were stored. We cannot sustain the contention that the evidence was not objected to.

Alexander, the defendant, testified that he saw the goods when they were delivered at the warehouse, before they were packed, and after they were taken out of storage; that he was in the furniture business about seven years, and knew the fair and reasonable market value of household furniture; that before he was in the furniture business he was twelve years in the money loaning business, and in that business was accustomed to appraising furniture, and he knew the fair market value of the furniture in question, at the time it was sold. He was then asked what its value was at the time of the sale, and the court, on plaintiff's objection, excluded the evidence. This was error.

Sturges v. Keith, 57 Ill. 451, is a leading case in this state on the question of damages for the conversion of chattels. In that case, the court, after elaborate consideration and reference to numerous cases, say: "A majority of the court adhere to the general, well established rule in this state, viz: that the proper measure of damages in an action of trover is the current market value of the property at the time of the conversion, with interest from that time until

the time of the trial." There is no dissenting opinion, and the case has been cited with approval in several subsequent opinions of the Supreme Court. Such being the law, the very question before the court in the present case, was the market value of the property at the time of the sale, which was the time of conversion, on the hypothesis that the sale by the defendant was unlawful—a question which, as before stated, has not been raised by counsel and is not before us for decision. Evidence was introduced by the defendant tending to prove that goods depreciate in value while in storage, and that the goods in question depreciated in value while in storage; but the court excluded the testimony of the witnesses as to how much the goods had depreciated in value. The defendant was not prejudiced by this ruling, as there was no evidence of the market or actual value of the goods when stored, therefore, nothing from which to deduct depreciation.

It is a question to be determined from evidence, whether household furniture used for a year, as that in question was, is or not known in the market as second-hand furniture, and if so, what is the market value of such furniture, if any market value, and if none, its actual value. We do not deem it necessary to pass on other contentions of counsel for defendant.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*