## Lena Spaar, Appellee, v. Peter Slakis, Appellant.

### Gen. No. 18,348.

1. TROVER—*when plaintiff not entitled to immediate possession.*
A lessee executed a bill of sale of certain property to the lessor to
secure the rent, quit business when owing rent, stated that she would
pay no more rent and voluntarily delivered the keys of the prem-
ises where such property was also kept to the lessor. *Held*, that the
delivery gave the lessor a right to possession of the property to en-
force his security and the lessee could not maintain trover.

2. CONVERSION—*what act of lessor in refusing to receive rent not
act of conversion of goods given to secure rent.* Where a bill of
sale of personalty was given by the lessee to the lessor to secure
the rent for the term and the lessee quits business and surrenders
the premises and the personalty while owing one month's rent, re-
fusal by the lessor to receive payment of the month's rent, tendered
soon after the surrender, and to turn over the personalty does not
constitute a conversion since the property was given as security
for the rent for the term.

3. CONVERSION—*what remark of defendant, not admission of
value of goods nor proof of market value.* In an action for con-
version of goods sold by defendant to plaintiff, proof of a remark
at the time of the sale by defendant that "they were cheap" is not
an admission of their value and is not evidence of their current
market value.

4. CONVERSION—*proof of current market value of goods.* In an
action for conversion of goods, proof of their current market value
is necessary.

5. LANDLORD AND TENANT—*what instruction misleading as to lia-
bility for rent after taking of possession by landlord after default.*
Where a bill of sale of goods is given by the lessee to the lessor to
secure the rent and the lessee sues the lessor for conversion of
such goods, an instruction is inapplicable and is misleading which
states that if from the evidence the lessee was a tenant of the lessor
and while he was such tenant the lessor took possession of the
premises the lessee is not liable for rent after such taking of pos-
session, when the testimony shows that possession was voluntarily
surrendered after default.

Appeal from the County Court of Cook county; the Hon. FRANK
G. PLAIN, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1912. Reversed. Opinion filed May 9, 1913.
Rehearing denied May 27, 1913.

MARTIN C. KOEBEL, for appellant; EDWARD A. MECH-
LING and HAYDEN N. BELL, of counsel.

B. M. SHAFFNER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the
court.

This was an action of trover tried before the court
and jury upon the general issue of not guilty. The
verdict and judgment were for $354.38.

On September 5, 1911, defendant executed a lease
to plaintiff and one Anna Immerman (whose interest,
if any, it is unnecessary to consider) of a store-room
to be used by the lessees for a nickel theatre, and at
the same time sold plaintiff certain personal property,
therein used in connection with such purpose, for the
sum of $350. At the same time the lessees executed
a bill of sale of said personal property to defendant,
as expressly provided for in said lease, to secure the
rent. The lease ran for three years from September
11, 1911, and the rent was payable in monthly instal-
ments of $35 in advance on the 11th of each month.
The instalments due September 11th and October 11th
were paid.

On November 13th, plaintiff ceased to do business,
with the intention of returning to her home in Wis-
consin. Defendant, learning of it, went to the place
with a police officer and found her moving a picture
machine out of the building. He told her she had no
right to take goods from the place. She asked if she
could take the goods that belonged to her, which was
assented to, and at his request gave him the keys to
the place, and said she would pay no more rent and
had "closed for good." She testified that on that
day she quit business her operator told her she might
as well take her things and go home; that she was
doing so when the defendant and the policeman came,
and that she gave defendant the keys on the side-
walk. There was no proof of duress, and the evi-

dence tends to show that she voluntarily surrendered possession of the property to defendant. This suit for conversion of the same was brought one month later, but what was done with the property in the meantime, whether defendant still retained it in his possession, or had taken steps to foreclose his lien thereon, does not appear. Two or three days later they attempted to negotiate a settlement on the basis of a release of the lessees from further liability under the lease, and of their claim to the personal property described in the bill of sale, but the transactions were not consummated. The voluntary delivery of the keys under the circumstances gave defendant a right to possession of the personal property for the purpose of enforcing his security for the rent then due. His possession thereof was lawful and plaintiff had no right to immediate possession of the same, which was essential to her cause of action. (*Forth v. Pursley*, 82 Ill. 152.)

A few days after the surrender of the possession of the premises and property as aforesaid, plaintiff tendered defendant one month's rent. But his refusal to receive it under such circumstances would not, in view of the fact that the property was given as security for rent that might accrue during the remainder of the term from liability for which she had not been released, constitute an act of conversion.

Nor did the evidence of the value of the property warrant a verdict. It consisted of proof of what plaintiff paid defendant for the goods, and the latter's remark at the time that "they were cheap." This could hardly be deemed an admission of their value, and certainly was not evidence of their current market value which is necessary in an action of this kind. *Sturges v. Keith*, 57 Ill. 451; *Robinson v. Alexander*, 141 Ill. App. 192.

One of the instructions given to the jury told the jury that if they believed from the evidence that plaintiff was a tenant of defendant and that while such,

defendant entered the leased premises and took possession thereof, then plaintiff is not liable for rent after such taking of possession and ousting of plaintiff. In view of the testimony showing that the possession was voluntarily surrendered after a default, this instruction had no application to the issues, and was misleading.

The judgment will be reversed.

*Reversed.*