## Ruth M. Meyer, Appellee, v. John A. Meyer, Appellant.

1. ATTACHMENT—*in aid of trover not maintainable.* Trover not being mentioned among those actions in aid of which attachment may be issued, enumerated in section 31 of the Attachment Act (J. & A. ¶ 522), the action in question for an attachment in aid of trover was not maintainable.

2. DAMAGES, § 221*—*when refusal of jury to defaulted defendant is reversible error.* The provision of section 59 of the Practice Act (J. & A. ¶ 8596), that either party to suits in courts of record may have the damages assessed by a jury, is imperative, and the refusal to grant the defendant's request for a jury in the case in question after a default judgment had been vacated, objections to defendant's pleas sustained and remittitur entered, was reversible error.

3. TROVER AND CONVERSION, § 7*—*nature of trover.* Trover is not technically a form of trespass on the case, and the actions are clearly distinguishable.

4. DAMAGES, § 221*—*when refusal of jury to defaulted defendant is reversible error.* A defaulted defendant at any time before the assessment of damages is entitled, on asking it, to have his damages assessed by a jury, and the refusal to grant the request is reversible error.

Appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed November 7, 1919.

C. S. MILLER, for appellant.

WILLIAM S. DEWEY, ALEXANDER WILSON and WALTER B. WARDER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit was commenced by appellee, Ruth M. Meyer, filing a declaration in trover on September 28, 1917, against appellant, John A. Meyer, to recover the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

value of certain jewelry alleged to be the property of appellee and converted by appellant to his own use and benefit. Appellant and appellee are husband and wife, and a divorce case between them was pending at this time.

It appears that the action in trover was continued generally for four terms of court, and no steps taken, until July 31, 1918, when, while appellant was in the State of New York, an affidavit in attachment was filed and an attachment writ in aid of such suit in trover was issued. This writ was levied on certain building and loan association stock owned by appellant. On October 16, 1918, at the October term of the Circuit Court of Alexander county, judgment by default was entered in favor of appellee for the sum of $400, value of property converted, and $100 damages. The court also rendered judgment *in rem* for $500 against the property attached and awarded special execution against this property. At the same term of court, appellant filed his motion supported by affidavit to set aside this judgment. On December 19, 1918, the court set aside the default judgment entered October 16. On that day appellee filed a remittitur of $68 and appellant filed a plea of the general issue. Appellee made certain "objections" to this plea but just what disposition, if any, the court made of them, is not clear from the record, and counsel do not agree as to the effect of the court's rulings thereon. On the same day the court entered judgment for appellee in the sum of $432 and awarded a special execution against the property attached. This last judgment among other things contained the following recitals: "Now on this 19th day of December, A. D. 1918, comes the plaintiff, by Alexander Wilson and Wm. S. Dewey, her attorneys, and the defendant, by Carl S. Miller, his attorney, and thereupon the court being fully advised, it is therefore ordered that the judgment of the court heretofore entered in this cause on the 16th day

of October, A. D. 1918, be and they are hereby set aside and the court enters the remittitur of sixty-eight dollars heretofore requested and filed by the plaintiff. The defendant thereupon files general pleas on this date, to which the plaintiff then and there objected, which objections were sustained by the court, to which the defendant entered exceptions; thereupon the defendant demands a jury trial, which demand is overruled, to which defendant takes exception.'' The judgment in favor of appellee for $432 and costs follows. The minutes on the judge's docket under date of December 19, as shown by the record, contain the following: ''12-19-18. Judgmt. of 10-16-18 set aside. Enters the remittitur. Pleas of gen. issue filed this date & Obj. Ex. Jury trial demanded, overruled ex.''

One of the grounds urged by counsel for a reversal of this judgment is that appellant's plea of the general issue was on file at the time the judgment was rendered, and that ''A default judgment cannot be rendered where a plea remains on file undisposed of.'' Counsel for appellee insists appellant's plea had been stricken from the files by the court before judgment was entered. It is undoubtedly the law that where a plea is once filed it must be stricken from the files, or otherwise disposed of, before judgment can be entered by default. It is not altogether clear from the record just what action was taken by the court in regard to this plea, and since this judgment must be reversed for other reasons, it is not necessary for this court to determine what was the effect of the trial court's rulings on the plea. It is further urged by counsel for appellant that attachment in aid will not lie in an action of trover. This contention seems sound. Section 31 of the Attachment Act (J. & A. ¶ 522) provides that: ''The plaintiff, in any action of assumpsit, debt, covenant, trespass or trespass on the case, having commenced an action by summons or *capias,* may, at any time pending such suit, and before judgment therein,

on filing in the office of the clerk where such action is pending, a sufficient bond and affidavit showing his right to an attachment under the first section of this act, sue out an attachment against the lands, goods, chattels, rights, moneys, credits and effects of the defendants, which said attachment shall be entitled in the suit pending and be in aid thereof; and such proceedings shall be thereupon had as required or permitted in original attachments as near as may be: *Provided,* this section shall not apply to actions in which the defendant has been arrested and has given special bail: *And, provided, further,* that in all actions of trespass and trespass on the case, before a writ of attachment shall be issued the plaintiff, his agent or attorney shall apply to a judge of a court of record or a master in chancery of the county in which the suit is pending and be examined, under oath, by such judge or master concerning the cause of action; and thereupon such judge or master shall indorse upon the affidavit the amount of damages for which the writ shall issue, and no greater amount shall be claimed.''

An attachment proceeding was unknown at the common law. It is purely statutory and in derogation of the common law. It is clearly established by the decisions of this State that the authority for the issuance of an attachment writ must be found in the statute and the statute must be strictly followed. Trover is not mentioned in the statute among those actions in aid of which attachment may be issued. It is however insisted by counsel for appellee that trover is technically a form of trespass on the case, but to this we cannot agree. The actions of trover and trespass and trespass on the case are clearly distinguishable. Corpus Juris, vol. 1, par. 117, page 997, and par. 123, page 998. There being no statutory authority for an attachment in aid of an action of trover, it will not lie.

It is also insisted that the court erred in refusing appellant's request for a ''jury trial.'' It does not

appear from the record that any default was entered in the attachment, and the judgment does not recite that any evidence was heard.    Even though appellant's plea had been stricken from the files and default entered against him, yet after the former judgment was set aside and before remittitur was filed he had a right to a jury to assess damages, and it was reversible error to refuse his request for a jury. Section 59 of the Practice Act (J. & A. ¶ 8596) provides that, ''In all suits in the courts of record in this State upon default   *   *   *   either party may have the damages assessed by a jury.''   In considering this section of the statute the Appellate Court for the Third District, in the case of *Blizzard v. Epkens*, 105 Ill. App. 117, said: ''The words are imperative and not open to construction.   A defaulted defendant, at any time before the damages are assessed by the court, is entitled, on asking it, to have his damages assessed by a jury and the refusal of the court to grant his request is reversible error.''   To the same effect are the cases of *Loellke v. Grant*, 120 Ill. App. 74, and *Ungar v. Feuer*, 172 Ill. App. 204.

For the errors herein indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*