George Roth, Appellee, v. Joseph Fleck, Appellant.

Gen. No. 30,949.

1. APPEAL AND ERROR—*when verdict on conflicting evidence will not be set aside on appeal.* Where there is a conflict of evidence on a controlling fact with regard to the negligence of the defendant in an action for damage to plaintiff's automobile by collision with that of the defendant, and the testimony, by fair and reasonable intendment, will support the verdict returned for plaintiff, the reviewing court will not set it aside, although it is against the apparent weight of the evidence.

2. DAMAGES—*paid bill for repairs on automobile as evidence in action for damages due to collision.* A paid bill for repairs made on plaintiff's automobile after it was damaged in a collision with another automobile was properly received in evidence in an action to recover damages for the injury so caused, although there was no explicit evidence that the charges therein made were fair, reasonable and customary, where its introduction was preceded by testimony as to the damage done to the car by the collision, and as to the nature of the repairs thus necessitated.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JAMES T. O'TOOLE, Judge, presiding. Heard in the first divi-

sion of this court for the first district at the March term, 1926.
Affirmed.  Opinion filed November 29, 1926.

LIGHTHALL, CARLSON & LEWIS, for appellant.

No appearance for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an action brought by George Roth, the plaintiff, against Joseph Fleck, the defendant, to recover the cost of repairing the plaintiff's automobile which the plaintiff alleges was damaged by being struck by the automobile of the defendant.

The case was tried before the court without a jury. The court found in favor of the plaintiff, and assessed the plaintiff's damages at $422.38.  From the judgment on the finding the defendant has prosecuted this appeal.

The accident occurred at the intersection of Addison Street and Sheffield Avenue, thoroughfares in the city of Chicago.  Addison Street runs east and west.  Sheffield Avenue runs north and south.  The plaintiff was driving south on Sheffield Avenue, and the defendant was driving west on Addison Street.  By an ordinance of the city of Chicago, Addison Street is designated as a through traffic street; and it is provided by ordinance that persons operating a vehicle on streets intersecting with through traffic streets shall bring their vehicle to a stop before entering on or crossing the through traffic streets.

According to the plaintiff's testimony, he was driving south on the right-hand side of Sheffield Avenue at the rate of about 8 or 12 miles an hour; that as he approached Addison Street he stopped and looked, but did not see the defendant's automobile; that there was a building on the northeast corner and that he could not see over 100 or 125 feet away; that he started

across Addison Street and was a little beyond the center of the street, "about the length of a car from being all the way across the street," when his automobile was struck by the automobile of the defendant, and "was pushed over to the sidewalk, tipped over on its side and swung completely around."

Mary Hudsell, an occupant of the plaintiff's automobile at the time of the accident, testified on behalf of the plaintiff that the plaintiff's automobile stopped before crossing Sheffield Avenue; and that the plaintiff's automobile was struck when it was almost across Sheffield Avenue; that the plaintiff's automobile was going at a rate of "not more than 10 or 15 miles an hour" as it approached Addison Street; that she did not see the defendant's automobile until it struck the automobile of the plaintiff; that when the plaintiff's automobile was struck "it turned over and swung around and was turned back north."

The only testimony on behalf of the defendant was the testimony of himself. He testified that he was driving west on Addison Street at the rate of about 10 or 12 miles an hour; that when he was at the northeast corner of Sheffield Avenue and Addison Street he saw the automobile of the plaintiff and that he, the defendant, had the right of way and thought the plaintiff would stop; that the plaintiff did not stop; that when he, the defendant, saw that plaintiff did not stop, he, the defendant, tried to dodge him, but that "it was too close" and that he, the defendant, "could not get out of the way"; that the plaintiff was going at the rate of about 20 miles an hour; that he, the defendant, "hardly noticed" that he struck the automobile of the plaintiff; that after the accident, his, the defendant's, automobile was about 10 feet behind the automobile of the plaintiff.

Counsel for the defendant contend that there is no proof of negligence on the part of the defendant. The determination of that question depends upon the ques-

tion whether the testimony on behalf of the plaintiff or the testimony on behalf of the defendant is to be believed. One of the controlling facts in issue is whether the plaintiff stopped as he approached Addison Street. On this issue the evidence is conflicting. In this state of the evidence we do not think that we should disturb the verdict. The rule is a familiar one that "where there is a contrariety of evidence and the testimony by fair and reasonable intendment will authorize the verdict, even though it may be against the apparent weight of the evidence, a reviewing court will not set it aside." *Carney v. Sheedy*, 295 Ill. 78, 83. To the same effect are the following cases: *Illinois Cent. R. Co. v. Gillis*, 68 Ill. 317, 319; *Bradley v. Palmer*, 193 Ill. 15, 89. It is hardly necessary to state that the finding of a court is entitled to the same weight and consideration as the verdict of a jury. *Fisk v. Hopping*, 169 Ill. 105, 108.

Counsel for the defendant further contend that "the bill for repairs offered in evidence in proof of the damages was improperly admitted"; that "there was no substantial evidence to show that the items of repairs shown in this bill represented the damage done by the alleged accident"; and that "there is no evidence that the amount of the bill was the fair and reasonable cost of restoring the automobile to its original condition before the accident."

The plaintiff testified that he paid the bill; that the car was in first-class condition prior to the accident; that when it was taken over to the Nash people [the Chicago Nash Company, which made the repairs], it was wrecked; that one wheel was broken; that the left side of the fender was bent; that the rear of the body was caved in and two of the fenders were broken; that the chassis was bent in; that the running board was broken and the frame was crooked, bent out of shape; that the new parts furnished were three fenders, one

right wheel and one door; that the left hind wheel was damaged.

William Braftal testified on behalf of the plaintiff that he worked for the Chicago Nash Company; that he was familiar with the rates or charges for standard parts. The witness was then asked this question: "Q. I will ask you to look at that bill and state, just examine it, and state whether that is a reasonable, fair and customary charge the Nash people make for those repairs." The question was objected to on the ground that the fair and customary charges made by the Nash Company would not determine whether the charges were the fair, reasonable and customary charges generally. The court stated: "Now the only thing he wants to know is whether the charges on the bill were reasonable." The witness made the following answer: "That represents the charges made for straightening the frame; that's why that runs that high, because the whole car was disassembled."

The defendant offered no evidence in regard to the cost of the repairs.

We are of the opinion that there was sufficient preliminary evidence to justify the court in admitting the paid bill in evidence, notwithstanding the fact that there is no explicit evidence that the charges were the fair, reasonable and customary charges. *Cloyes v. Plaatje*, 231 Ill. App. 183, 191; *Wholesale Grocery Corporation v. Richheimer Brokerage Co.*, 233 Ill. App. 64, 68, 69; *Darling & Co. v. Yellow Cab Co.*, 238 Ill. App. 326, 329, 330; *Gold v. Rousso*, 238 Ill. App. 427, 434; *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344, 349.

In the case of *Cloyes v. Plaatje, supra*, in holding that a paid bill for repairs made on an automobile was admissible, the court said in an opinion written by Mr. Justice O'Connor (pp. 190, 191):

"The evidence shows that the automobile was taken to a concern which was engaged in the business of re-

pairing of automobiles; that plaintiff's car was then repaired by the garage company in the ordinary course of business; that the repairs made were those required as a result of the collision; that the garage company presented its bill for the repairs to plaintiff which plaintiff paid. In these circumstances, we think what plaintiff paid for the repairs was sufficient to warrant the recovery by him of such sum without any further evidence, since nothing appeared to cast suspicion on the transaction between plaintiff and the garage company, and, therefore, it will be presumed that the charge made was reasonable.''

For the reasons which we have stated in our opinion in the case at bar the judgment is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.