# L. B. Piper & Company, Appellee, v. Yellow Cab Company, Appellant.

## Gen. No. 31,744.

1.   DIRECTING VERDICT AND DEMURRERS· TO EVIDENCE—*construction of evidence at close of plaintiff's case regarded on defendant's motion to direct.*   Under defendant's motion at the close of plaintiff's case that the court instruct the jury to find the defendant not guilty, the court is bound to consider the evidence most favorable to the plaintiff which the jury might believe in arriving at its conclusion.

2.   APPEAL AND ERROR—*presumption favoring credibility of testimony.* Upon the claim of appellant that the evidence does not support the verdict the court will indulge every intendment favoring the credibility of the testimony.

3.   HIGHWAYS AND STREETS—*motorist's right to rely on right of way statute.*   An automobile driver has the right to rely upon a law that at a road intersection he shall have the right of way over all approaching on his left and shall yield the right of way to all approaching on his right although in exceptional instances he may be guilty of contributory negligence by insisting on his right.

4.   HIGHWAYS AND STREETS—*speed · of taxicab across intersecting streets as negligence.*   A rate of 30 miles per hour by a taxicab traveling across intersecting streets in the city of Chicago amounts to negligence on the part of the driver.

5.   HIGHWAYS AND STREETS—*contributory negligence in collision of automobiles at street intersection as question for jury.*   In an action for damages to a motor truck with right of way, being driven 10 miles an hour at a street intersection, and colliding with a taxicab driven at 30 miles an hour onto the intersection contrary to the right-of-way rule, the question of the contributory negligence of the truck driver in continuing over the street intersection was for the jury even though he might have seen the taxicab at a sufficient distance away to have enabled him to cross in safety.

6.   HIGHWAYS AND STREETS—*contributory negligence of automobile driver relying on law observance as question for jury.*   In an action for damages to a motor truck being driven 10 miles an hour at a street intersection and having right of way, caused by a collision with a taxicab driven 30 miles an hour onto the intersection and in violation of the right-of-way rule, the question of the contributory negligence of the truck driver was for the jury in view of his having the right to rely on the cab driver's stopping and permitting him to cross as having the right of way.

7. HIGHWAYS AND STREETS—*applying rules for crossing railroad tracks to automobiles at street intersection.* The rule that one approaching the track crossing of a street car or railway which has its own right of way, is warned by the presence of the crossing, cannot be applied in a collision of automobile at a street intersection.

8. HIGHWAYS AND STREETS—*duty of automobile driver approaching street intersection.* The law creates for the driver of a motor vehicle approaching a street intersection a right of way as to all who approach from his left and places on him the duty of looking and listening for those approaching from his right.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN H. LYLE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Affirmed. Opinion filed November 23, 1927. Rehearing denied December 9, 1927

SAMUELS, COSTELLO & GREENBERG, for appellant; BENJAMIN SAMUELS and EDWARD WOLFE, of counsel.

NICHOLAS J. MASCHA, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from a judgment of the municipal court of Chicago, in the sum of $221.00, in favor of the plaintiff below, for damages to an automobile truck, by reason of a collision with a Yellow Cab, the property of the Yellow Cab Company, a corporation, at the corner of Larrabee street and Division street, two intersecting streets of the city of Chicago.

The testimony shows that one Grover H. Piper, secretary and an employee of L. B. Piper & Company, plaintiff below, on September 19, 1924, was driving a certain Buick three-quarters ton truck, belonging to the Piper Company, over and along Larrabee street —a north and south street—in a southerly direction; that, according to his testimony, as he approached Division street he slowed down to about 8 or 10 miles an hour and looked in both directions before crossing, but could not see the cab approaching; and that he

could see a distance of 200 feet.   He testified further
that he then proceeded to cross Division street, and
had reached the westbound street car track on that
street when his truck was struck by the cab coming
from the east.   A collision being evident, the cab ap-
parently attempted to turn in the direction in which
the truck was proceeding.   The two cars landed
against a steel post at the intersection of the two
streets.   The accident happened about 10 o'clock in
the morning on a clear day.

Sam Angelo, a witness called on behalf of the plain-
tiff testified that he was in a barber shop about four
doors east of Larrabee street; that he heard a horn
blow and saw the cab going by at a speed of about
30 miles an hour.   He further testified that after the
collision he saw skid marks, showing that the cab had
skidded for a distance of approximately 25 feet.   Louis
Schultz, a witness for the plaintiff, testified that he
was in the barber shop talking to the witness Angelo
and he saw a Yellow Cab going west in Division street
at between 30 and 35 miles an hour; that he heard a
crash and ran out; that the barber shop in question
was from 75 to 100 feet east of the corner of the two
streets.   He testified further that he saw skid marks
extending about 35 feet behind the cab.

No testimony was introduced on behalf of the de-
fendant below, so that the record stands only on the
testimony of Piper and the other witnesses testifying
on behalf of the plaintiff.

Counsel for defendant presents but one proposition
to this court, namely, that the verdict is against the
law and the evidence, and that the trial court erred
in not instructing the jury to find the defendant not
guilty at the end of the plaintiff's case.   Such a mo-
tion, when made and relied on, amounts to a demurrer
to the evidence, and in considering the case, upon such
a motion, neither the trial court nor the Appellate
tribunal on review may weigh the evidence and deter-

mine in whose favor it preponderates, but must consider the evidence most favorable to the plaintiff, which the jury may have believed in arriving at its conclusion. *Hansell-Elcock Foundry Co. v. Clark,* 214 Ill. 399. The court in its opinion in that case, at page 405, says: "In determining this question we are bound to consider the evidence most favorable to the plaintiff which the jury might believe in arriving at a conclusion favorable to the plaintiff, and if that evidence fairly tends to support or establish the cause of action stated in any count of the declaration, and does no violence to the law proper to be applied to the circumstances out of which this suit arose, then the action of the trial court in refusing these instructions must be sustained." While the defendant below presented instructions and the cause was submitted to the jury, its brief is devoted entirely to the legal proposition that the evidence is not sufficient to support the verdict and under such circumstances every intendment must be indulged in by the reviewing court in favor of the credibility of the testimony.

Collisions of this kind and character are of frequent occurrence and have been passed upon in almost every jurisdiction, and each case is governed by the particular facts involved.

Plaintiff below, in the trial and here, invokes the statute of the state of Illinois to the effect that a person driving over and upon and along a public highway has the right of way, at the intersection, of a street or highway over vehicles approaching on his left, and that a person approaching an intersection should give the right of way to a person approaching said highway on his right. It is true and the courts have so decided, that there are instances where, in spite of the statute, a person approaching an intersecting highway, even though under the statute he would be given the right of way, would, nevertheless, by his conduct, be guilty of contributory negligence

if he continues on his way under such circumstances as to constitute contributory negligence.  But to say as a matter of law that a person so approaching a highway, in spite of the right granted him by the statute, would be required to stop and give the right of way to another, approaching on his left, under all circumstances, would, in effect, be to nullify the statute and deprive him of the right he might have by reason of its enactment.  Moreover, if we should say that he would have no right to rely upon the statute and the rules of the road, then the enacting of such a statute is a useless thing, because no motorist could rely upon it nor could he rely upon the approaching motorist on his left obeying the statute and the rules of the road.  In other words, it would put a premium on the action of a person utterly disregarding the relative rights of motorists.

The testimony, which appears to be undisputed, is that Piper was proceeding at from 8 to 10 miles an hour and that the cab was going at the rate of approximately 30 miles an hour.  There is no testimony as to the character of the district in question, but it is evident that such a rate of speed, as the testimony shows the cab was traveling, across intersecting streets in the city of Chicago, would amount to negligence on the part of the driver of the cab.  The only question involved is whether or not the driver of the Buick truck was guilty of negligence which contributed to the accident, and that the circumstances of this particular case are such that this court would be called upon, as a matter of law, to say that such was the fact.  The rule is that where there is a contrariety of evidence and the testimony by fair and reasonable intendment will authorize the verdict, a reviewing court will not set it aside.  In the case at bar, under a motion to direct a verdict, we have only the evidence on behalf of the plaintiff, and necessarily must give it its full

credit, and resolve every intendment in favor of its truth.

Great stress is laid upon the fact, by counsel for defendant, that plaintiff below was not worthy of belief because if his statement was correct, that he could see a distance of 200 feet from Division street before crossing, that then he would have seen the on-coming cab, and by proceeding along his course he was guilty of contributory negligence; that by reason of this testimony and its improbability, he should not be given due credence, but under the manner in which this question is raised in this court, namely, that the trial court should have directed a verdict, we can only assume that the jury believed the plaintiff. It is not inconceivable that the fact, as stated by him, may be true as the rate of speed at which the cab was going would cause it to cover that distance in a remarkably short period of time; and there may have been obstacles in the street or buildings on the corner of the two intersecting streets, which might have made it impossible, under all the circumstances, to have seen the approaching cab. It may be true, moreover, that even if he had seen it at that distance, it would not have been negligence to continue on his way. We believe that under the circumstances in this case it was a question for the jury to decide, under all the facts and circumstances, whether the driver of the Buick truck, with the right of way granted him by law, was guilty of contributory negligence, in continuing over and across the street intersection, even though he may have seen the Yellow Cab at a sufficient distance away to have enabled him to cross in safety, and in this regard we believe further that he had a right to rely upon the statute and that the driver of the cab would obey the legal requirement which the law imposed upon him, and would stop and allow the Buick truck to cross; and that not doing so, it became and was purely a question of fact for the jury. *Heidler Hard-*

*wood Lumber Co. v. Wilson & Bennett Mfg. Co.*, 243 Ill. App. 89; *Roth v. Fleck*, 242 Ill. App. 396.

Counsel for the defendant below cite a number of railroad cases, in support of the proposition that it was the duty of the plaintiff when approaching Division street to stop, look and listen. In our opinion, these cases are not applicable. The rule as to one approaching a railroad crossing is different from that of an automobile driver approaching a street intersection. In the case of a railroad crossing the train is operating over and along its own right of way and is commonly known as an unusually dangerous agency and not as capable of being managed as an automobile approaching a street intersection. The same rule applies to street cars. Tracks of railway and street car companies, in themselves, offer a warning to an approaching vehicle. While it may be argued that a street intersection also offers a warning, nevertheless, the statute in our opinion, has provided a right of way to the driver of a motor vehicle approaching such an intersection over one approaching on his left. It also becomes the duty of the one approaching a street intersection to beware of vehicles approaching on his right. The latter is, therefore, placed in the position of looking and listening for vehicles approaching the street intersection under such circumstances and not the one approaching the intersection in full reliance upon the statute giving him the right of way.

For the reasons stated, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

TAYLOR, P. J., and HOLDOM, J., concur.