**Sunbeam Beverage Company, Appellee, v. John T. Cunningham, trading as Cunningham Ice Cream Company, Appellant.**

### Gen. No. 31,040.

1. DAMAGES—*paid bill for repairs as proof of reasonable cost thereof.* A paid bill for repairs, where there is nothing to cast suspicion upon its fairness and bona fide character, will be presumed to represent the customary, reasonable charge for such repairs.

2. DAMAGES—*sufficiency of evidence to show bill for repairs offered as bearing upon issue of damages, pertained to injury other than that sued for.* Evidence in an action for damage to an automobile held to show that paid bill for repairs, offered in evidence as bearing upon the reasonable cost of repairing the damage sued for, was not a bill for repairing the damage sued for, but one for a prior and different injury.

3. DAMAGES—*paid bill for repairs other than those sued for as proof of reasonable cost of repairing injury in suit.* A bill for repairs upon an automobile, dated and paid more than a year prior to the occurrence of the injury to the car for which damages were sought, held not admissible in evidence as bearing upon the reasonable cost of repairing such later damage.

Appeal by defendant from the Municipal Court of Chicago; the Hon. CLINTON M. HUEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed November 29, 1926.

GARRETT, MCKENNA & HARRIS, for appellant.

MOSES, KENNEDY, STEIN & BACHRACH, for appellee; HERBERT H. KENNEDY, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by John T. Cunningham, doing business as Cunningham Ice Cream Company, the defendant, from a judgment for $530 in favor of the Sunbeam Beverage Company, the plaintiff, in an action brought by the plaintiff to recover the cost of repairing the plaintiff's automobile truck, which the plaintiff alleged was damaged by being struck by the automobile truck of the defendant.

The case was tried before the court without a jury.

The grounds on which the defendant asks for a reversal of the judgment are (1) that the finding of the court is manifestly against the weight of the evidence; and (2) that the cost of repairs has not been properly proved.

We are of the opinion that the judgment should be reversed because the cost of repairs has not been properly proved. In this view it will not be necessary to discuss the evidence on the question of negligence. In this respect it will be sufficient to say that we do not think that the finding of the court is manifestly against the weight of the evidence.

To prove the cost of repairs the plaintiff introduced a bill of repairs dated December 29, 1922, and paid on February 13, 1923.   The attorney for the plaintiff stated that the bill was offered ''merely to show the fair and reasonable cost of repairs of one new motor, one left front spring, a radiator, one hood top, and one front dashboard.''   In addition to the items mentioned by the trial attorney for the plaintiff, the bill contained numerous other items.   The statement of claim alleges that the accident occurred on May 15, 1924.   Two witnesses for the plaintiff, Dave Dishman and T. J. Cobb, testified that the accident happened on May 15, 1924.   The testimony of these witnesses is the only testimony in regard to the date of the accident.

In support of their contention that the cost of repairs was properly proved by the bill for repairs offered in evidence, counsel for the plaintiff cite the cases of *Cloyes v. Plaatje*, 231 Ill. 183, 191, and *Duckenfield v. General Motor Underwriters*, 234 Ill. App. 647 (not reported in full).

We think that these cases correctly state the general rule that a paid bill for repairs, where there is nothing in the evidence to cast suspicion on the fairness and good faith of the bill, will be presumed to be the customary, reasonable charge for the repairs.   To the same effect in principle are the following cases: *Travis v. Pierson*, 43 Ill. App. 579, 580; *Wholesale Grocers Corporation v. Richheimer Brokerage Co.*, 233 Ill. App. 64, 68; *Darling & Co. v. Yellow Cab Co.*, 238 Ill. App. 326, 329, 330; *Gold v. Rousso*, 238 Ill. App. 427, 435; *Peck v. Ellerbrock*, 233 Ill. App. 635; *Roth v. Fleck*, p. 396, *supra; Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344, 349.

The case of *Probasco v. Crane*, 238 Ill. App. 287, cited by counsel for the defendant, announces a contrary rule.   But in the case of *Gold v. Rousso, supra*, we were of the opinion that the case of *Probasco v.*

*Crane* should not be followed. We still adhere to that view.

In the case at bar we do not think that the evidence brings the bill for repairs within the rule which we have accepted as the correct one. On the undisputed evidence it appears that the bill for repairs was not the bill that was rendered to and paid by the plaintiff for the damages complained of. Both the date on which the bill was rendered to the plaintiff and the date on which it was paid by the plaintiff show that the bill was rendered to and paid by the plaintiff over a year prior to the date on which the accident in the case at bar occurred. Furthermore, as indicating that the bill is not the bill for the repairs in the present case, the bill contains items which are not claimed to be applicable to the present case.

Counsel for the plaintiff attempt to explain the discrepancy between the date shown on the face of the bill and the date of the accident by stating that "the alleged inconsistency between the dates of the bill and the accident is due to Dishman's inaccuracy as to the exact date when the collision occurred." There is no evidence, however, to show that Dishman's testimony was inaccurate, and in his testimony Dishman stated twice that the accident occurred on May 15, 1924. Moreover we have previously pointed out that Cobb, another witness for the plaintiff, testified to the same date as Dishman; and that the plaintiff's statement of claim alleges the same date that Dishman and Cobb testified to.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.