**HARMON v. HINES et al.**

No. 20885. Opinion Filed Nov. 15, 1932.

W. B. Wall and Allen & Jarman, for plaintiff in error.

W. L. Curtis, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Sequoyah county by plaintiff in error, who was plaintiff below, against the defendants in error to recover for damages by reason of breach of warranty in a warranty deed.

The parties appearing here as they appeared in the trial court, for convenience they will be designated as they appeared in the trial court.

The plaintiff, by judgment of the district court, having been evicted from a one-fourth interest in lands purchased by plaintiff. All of the deeds in the chain of title were warranty deeds, expressly warranting the title in and to said lands. One of the warrantors in the chain of title having died intestate prior to the judgment of eviction, and the defendants being said deceased warrantor's sole and surviving heirs at law. After the filing of the original petition and the service of summons, the defendants filed a demurrer on the grounds of the sufficiency of the petition and on the grounds that another action was pending between the same parties involving the same cause of action.

Some five years after the filing of the demurrer and before the trial court passed upon the demurrer, the plaintiff filed what he termed an amended petition. No notice was given the defendants as to the filing of the amended petition; however, the defendants within three days after the filing of said amended petition filed a demurrer thereto, setting up therein two grounds, to wit:

1. "That said petition and amended petition do not state facts sufficient to constitute a cause of action, in favor of the plaintiff and against these defendants.

2. "That, in effect, said amended petition seeks to set up an entirely different and new cause of action against these defendants, and each of them, which said amended petition, upon its face disclosed, is barred by the statute of limitations and said statute is hereby referred to as a grounds in support of this paragraph of the demurrer."

The court thereafter sustained the demurrer; the plaintiff refused to plead further, and the trial court dismissed the plaintiff's action and rendered judgment against the plaintiff for costs, to all of which action of the trial court the plaintiff excepted, gave notice of appeal, and brings the cause here for review.

The defendants in error contend in support of the ruling of the court in sustaining the demurrer that the original petition did not state a cause of action, and more than five years having elapsed between both the date upon which the eviction decree complained of was entered by the trial court, as well as the date upon which the original petition was filed, before the filing of the alleged amended petition, that the alleged action was barred by the statute of limitations; and also that no notice was given the defendants of the filing of the amended petition after the filing of the demurrer by

the defendants to the original petition, in compliance with section 315, C. O. S. 1921 [O. S. 1931, sec. 248].

This court, in the case of Harmon v. Nofire, 131 Okla. 1, 267 P. 650, held that the liability or breach of warranty accrues against the heir of the warrantor, alone, by his receiving property charged in law with the payment of the ancestor's debts; and further held that an heir of a deceased person is not bound by the warranty of his ancestor within the meaning of sections 5262 to 5265, C. O. S. 1921 [O. S. 1931, secs. 9685-8] inclusive (which provide a special procedure for recovery by warrantees against the grantors and other persons bound to them by warranties); and further held that a proper pleading must be filed by the evicted grantee against the heir and service of summons had as provided by law; and in paragraph 6 of the syllabus held:

"Where judgment is had against a grantee for recovery of land conveyed to him by warranty deed of a deceased grantor, the amount of such damage, constituting the judgment of recovery, is a provable debt against the estate of the decedent. If no administration has been had on the estate of the warrantor, the evicted grantee, as a creditor, has a right to have one appointed and present his claim. If the administration on the estate of the deceased warrantor be pending at the time of the recovery against the warrantee, the warrantee may present his claim within 30 days from the date of the judgment against said estate, under section 1234, C. O. S. 1921, though the time to present claim has expired. But if administration has been had, and the estate closed, and property belonging to the estate has been distributed to heirs, or devisees, relief may be afforded the warrantee by suit in equity in the district court against such heirs or devisees to compel them to refund to the grantee so much of what they have received as shall be sufficient to satisfy his damage."

The original petition alleged R. W. Hines, who was plaintiff's warrantor, died intestate, leaving surviving him as his sole and only heirs at law the defendants herein; set out the conveyances whereby title became vested in the plaintiff; the eviction from the possession of plaintiff of an undivided one-fourth interest in said lands by judgment of the district court; alleged that plaintiff was entitled to recover from the heirs of the said Hines the damages he had suffered by reason of the warranty of Hines; statement of the damages by reason of the breach of warranty; attached as exhibits copies of the warranty deeds in his chain of title and judgment of eviction.

Defendants in error cite section 315, C. O. S. 1921 [O. S. 1931, sec. 248] with reference to the failure of plaintiff to give notice of the filing of the amended petition, which provides:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceeding; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

No notice was served on the defendants of the filing of the amended petition; however, the defendants waived the service of such notice by filing demurrer to the sufficiency thereof, and as to the cause of action being barred by the statute of limitations.

In the case of Hailey v. Bowman, 41 Okla. 294, 137 P. 722, this court in the first paragraph of the syllabus said:

"Where objections to a pleading or a portion of a pleading are based, not on any irregularity connected with its filing, nor on any matter pertaining merely to its form, but on its alleged insufficiency in matter of substance, the objection ought to be taken by demurrer, and not by motion to strike from the pleading the allegations attacked."

It was incumbent upon the defendants, to avail themselves of their right to object to the amended petition for failure to give notice of the filing thereof, to file motion to strike, and by failing so to do, and the filing of the demurrer, they waived the giving of the notice of the filing of the amended petition.

The original petition was based upon the breach of warranty, and was against the heirs of the warrantor; and alleged the death of the warrantor, the chain of title; the warranties, the description of the property, the breach of warranty by the judgment of eviction, and the damages; and alleged the defendants were the sole and only heirs of the warrantor. It is true the prayer of the original petition was for personal judgment. However, under the holding of this court, the prayer of the petition forms no part of it, and that relief may be granted in accordance with the facts stated in the petition, rather than pursuant to the prayer. See Anderson v. Muhr, 36 Okla. 184, 128 P. 296.

The original petition did not contain all

the averments essential to actions of this character, as pointed out by this court in the case of Harmon v. Nofire, supra, yet the omissions merely resulted in stating a defective cause of action which may be cured by amendment.

The amended petition re-adopted all the allegations and statements contained in the original petition, and added the additional essential averments with reference to the alleged facts pertaining to the case at bar, as pointed out in the case of Harmon v. Nofire, supra; that the warrantor was dead; that administration had been had, and the estate closed prior to the time the plaintiff's claim arose; that the debts of said estate had been paid; that property belonging to the estate had been distributed to the heirs, and describing the same, and that the heirs, the defendants herein, had received property charged in law with the payment of the ancestor's debt, which defendants now own, the share of each being more than ample to pay and satisfy plaintiff's claim; that defendants received personal property from said estate exceeding in value the claim of plaintiff.

The original petition having been filed within the statutory time, stating plaintiff's claim, though imperfectly, we are of the opinion that the amended petition, filed after the statute of limitations had become complete, containing the essential allegations omitted from the original petition, and which amended petition was between the same parties, and upon the same claim, breach of warranty, is but the perfection of the imperfect statement of the cause of action originally stated, and related back to the filing of the original petition, and that said action was not barred by the statute of limitations. See Motsenbocker v. Shawnee Gas & Electric Co., 49 Okla. 304, 152 P. 82; United States Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834.

The contention of defendants in error that the original petition, being an attempt to charge the defendants personally upon the alleged breach of warranty, whereas the petition as amended seeks to charge the estate of the warrantor upon the breach of warranty, and to impress the property inherited by defendants with a lien for plaintiff's alleged damages, thereby constituting the amended petition, in purpose and effect, an entirely different or new suit, which if admitted would carry with it the further admission that it is barred by the statute of limitations, is without merit.

In the case of E. Van Winkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 P. 1152, in the first paragraph of the syllabus, this court said:

"Amendments of pleadings may be allowed in furtherance of justice, when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of remedy, but to the general identity of the transaction."

For the reasons stated, the judgment of the trial court is reversed, with directions to overrule the demurrer.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.