## ADERHOLD v. STEWART.

No. 24290. April 30, 1935.

James C. Cheek and Frank E. Lee, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter and Minton & Minton, for defendant in error.

PER CURIAM. 1. This is a companion case to that of Dr. T. M. Aderhold v. Bernice L. Stewart, decided by this court this day, 175 Okla. 72, 46 P. (2d) 340. Joe C. Stewart, plaintiff herein, is the husband of Bernice L. Stewart, in the companion case. He filed a separate suit for expenses and loss of services of his wife, due to the alleged negligence of defendant. The cases were consolidated and tried to the same jury. The verdict of the jury was for plaintiff herein for $734, and defendant appeals. The question of defendant's negligence was settled in the consolidated case in favor of the plaintiffs and will not be further discussed here.

The parties will be referred to herein as

plaintiff and defendant, as in the court below.

2. The first question to be determined in this case is whether a husband has a right of action for expenses and loss of services, society, and companionship of his wife, by reason of the negligence of another causing personal injury to said wife. Under the common law, the husband had a right of action for such losses, but modern legislation has greatly altered the status of married women. Under the Oklahoma statute (section 1665, O. S. 1931)' and the statutes of most of the other states, a married woman may now own her own property, make her own contracts, collect for her own services and sue and be sued, the same as her husband. The question whether the husband may recover for expenses and loss of services and companionship of the wife injured by the negligence of another is one on which the courts are divided; the majority holding, however, is clearly on the side of the common-law rule. The rule and the reason therefor is well stated in 13 R. C. L. 1413:

"According to the great weight of authority, statutes giving to a married woman the right to her earnings in her separate trade or business or to sue in her own name for personal injuries to her, do not deprive the husband of his right to recover for the loss resulting from her inability to render the ordinary household or domestic services and his deprivation of her society and its comforts. The reason for this is that while such statutes may abridge a husband's right to compel his wife to work for him, he still has a right to her society and assistance different in character and degree from that which other people have or which she is at liberty to give them, and the husband may still recover compensation for the wrongful injury to such right." (See 21 A. L. R. 1517.)

3. The next question raised by the defendant is whether or not there was sufficient evidence to go to the jury on' the losses claimed by the husband, plaintiff herein, to have been sustained by him on account of the injuries to his wife by reason of the defendant's negligence. The evidence tended to show that plaintiff herein, on account of the negligence of defendant, was compelled to make several trips to El Reno, 35 miles distance; that he had a local doctor several times; that he bought gauze and medicines to the amount of $10; that they hired extra help; that his wife was not able, after the operation and negligence of defendant, to do her regular work and attend her regular household duties. Very little effort was made to fix a value on any .of these items, or to show what part thereof, if any, was due to the alleged negligence of defendant, and were it not for the last item mentioned, we do not believe there was sufficient proof of loss to submit the case to the jury. However, the courts have generally held that it is not necessary to offer evidence of the pecuniary value of a wife's services, society, comfort, and companionship to her husband. The rule is well stated by the Colorado Supreme Court in Denver Consol. Tramway Co. v. Riley, 59 Pac. 476, where the court said:

"There is some discussion of the question of the kind and amount of proof which is necessary, in a case like this, to enable a husband to recover for the loss of the services, companionship, and society of his wife. What these were worth in money was not shown, and upon a little reflection, it is apparent that it could not be. The companionship and society of a wife are not articles of commerce. They cannot be weighed or measured. They are not bought and sold, and no expert is competent to testify to their value. The consideration upon which they are bestowed is not pecuniary. Yet the husband is entitled to compensation in money for their loss, and the amount of that compensation is to be determined by the jury, not from evidence of value, but from their own observation, experience and knowledge, conscientiously applied to the facts and circumstances of the case. So, also, the services of the wife. The wife does not occupy the position of a servant, and her services to her husband are not those of a servant. She makes his home cheerful and inviting, and ministers to his happiness in a multitude of ways outside of the drudgery of household labor. All the work in the house may be done by hired employees, and her services still give character to the home. They are not rendered in 'accordance with set rules. They are not repeated in regular order from day to day. They have their source in the thoughtfulness of the wife, and her regard for the husband; and no witness is qualified to define them, or reduce them to a list, or say what they are worth. So that their value must also be estimated by the jury." Furnish v. Railway Co., 102 Mo. 669, 15 S. W. 315; Railroad Co. v. Johnson, 91 Ga. 466, 18 S. E. 816. See, also, Meek v. Pacific Electric Ry Co. .(Cal.) 164 Pac. 1117.

Since there is no way to determine the amount, if any, the jury found for the various items of expense for which there was no competent proof, and the amount found for the wife's services and society, the value of which it was not necessary to prove, we are compelled to hold that the demurrer to the plaintiff's evidence as to the amount of his losses was properly overruled, and the

cause was properly submitted to the jury. Finding no error, the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. O. Harrison, Rayburn L. Foster, and James D. Talbott in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harrison and approved by Mr. Foster and Mr. Talbott, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. WELCH, J., absent. PHELPS, J., not participating.