## BEATRICE CREAMERY CO. v. BAGLEY.

No. 22993.   June 4, 1935.

Rehearing Denied July 16, 1935.

A. C. Saunders and Hawley C. Kerr, for plaintiff in error.

W. J. Campbell, for defendant in error.

OSBORN, V. C. J.   Ora Bagley, hereinafter referred to as plaintiff, recovered a judgment in the district court of Tulsa county against the Beatrice Creamery Company and D. L. Guy, in the sum of $11,477.55, as damages for personal injuries. The Beatrice Creamery Company, hereinafter referred to as defendant, has appealed from said judgment.

The record shows that on June 22, 1930, plaintiff was standing on the southeast corner of the intersection of Archer street and Elgin avenue in the city of Tulsa when a collision occurred between a truck owned by the Beatrice Creamery Company and operated by its employee, and an automobile owned by D. L. Guy and operated by his employee, and as a result of the collision the truck turned over and fell upon plaintiff, resulting in numerous severe and painful injuries, causing a long period of confinement in the hospital, which injuries left her permanently partially disabled. The cause was tried to a jury, who fixed the amount of plaintiff's recovery.

On appeal it is urged that the verdict is not sustained by sufficient evidence and that the court erred in giving and refusing certain instructions to the jury. An examination of the record discloses that the cause was fairly tried and there was ample evidence to support the verdict of the jury, and that the instructions given by the court sufficiently outline the law as applicable to the various issues raised by the pleadings and the evidence.

It is further contended that the verdict was grossly excessive and was given as a result of passion and prejudice.

In the case of Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 P. 742, it is said:

"In an action for damages for personal injuries sustained, the court will not grant a new trial on the ground of excessive damages unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality, prejudice, or corruption."

See, also, Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. (2d) 121.

In view of the severity of plaintiff's injuries as disclosed by the record, it does not appear that the jury was influenced by improper motives in arriving at the amount

of the verdict. The instructions fairly submitted the issues.

We find no prejudicial error in the record, and the judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.