### H. A. MARR GROC. CO. et al. v. JONES.

No. 33864.   Dec. 26, 1950.

*226 P. 2d 392.*

Pierce, Rucker, Mock, Tabor & Duncan, of Oklahoma City, for plaintiffs in error.

Wise & Ivester, of Sayre, and Donald Royse, of Elk City, for defendant in error.

HALLEY, J. The parties will be referred to according to their positions in the trial court, or by name.

The plaintiff was driving his automobile east on Third street in Elk City, Oklahoma, which street is also Highway 66, on November 4, 1946, about 6 p. m. He was accompanied by his wife. At the intersection of Third street and Randall street his car was struck by a truck owned by the defendant grocery company and driven by their agent, the defendant Hallman. At this intersection Third street was a stop street. At least there were stop signs on the north and south sides of it on Randall street. The defendant Hallman said he did not see the stop sign and that he thought Third street was Broadway, which was not a stop street. He admitted he did not stop. Mrs. Jones, the plaintiff's wife, received injuries in the accident and the plaintiff spent $1,047.95 for doctors, hospital and nursing care. He also paid $175.30 for the repair of his automobile. He sued for these items and also asked damages for the loss of his wife's services

and companionship. The case was tried to a jury and a verdict was returned for the plaintiff for the amount that he claimed he had been out because of the accident and also $5,000 for the loss of his wife's companionship, but nothing for loss of services. From the judgment entered on the verdict, the defendants have appealed.

The defendants have presented their numerous assignments of error under three propositions, as follows:

"Proposition 1. Error in instructing the jury that it might allow damages on the basis of the aggravation of a pre-existing disability or disease.

"Proposition 2. The verdict and judgment for loss of companionship in the amount of $5,000 was excessive.

"Proposition 3. Absent competent proof supporting plaintiff's claim of $175.30 for repair of his car, the verdict on first cause of action was excessive in that amount."

Defendants' Proposition 1 attacks the correctness of instruction 15 given by the trial court, which is as follows:

"You are instructed that if you find that plaintiff's wife, Maggie Almyrtie Jones, suffers from some unfortunate condition which has not been proximately caused by negligence of the defendant, Albert Johnson Hallman, although inviting your sympathy, you may not assess any damages for that condition against defendants, or either of them. However, if negligence on the part of the defendant, Albert Johnson Hallman, has been the proximate cause of aggravating a previously existing disability suffered by plaintiff's said wife, that effect should be considered by you in fixing damages, if your decision on the question of liability requires you to fix damages."

It is to be remembered that the second cause of action sought to recover for both the loss of services and the loss of companionship. The physician testifying for the plaintiff testified that the plaintiff's wife was, at the time of the trial, 100% disabled, and that 70% of her condition was attributable to her high blood pressure and that 30% of her condition was due to the personal injury sustained in the accident out of which this action arose. Of course, the high blood pressure and the heart condition existed prior to the accident, and this instruction simply told the jury that they were entitled to consider, in arriving at the loss of services and companionship, the increase in her disability.

The doctor testified that as a result of the accident Mrs. Jones sustained lacerations, cuts, and contusions about the head and face, a probable skull fracture, deafness to one ear, and an injury to her eye which caused serious paralysis of the muscles of the eye and the inability of the pupil of the eye to dilate and contract to light, and also a condition known as nystagmus, where the eye travels slowly from one direction to another and then jerks back; and that it would be impossible to fit her with glasses, and that the condition of the eye caused a loss of the sense of equilibrium, which was indicated by staggering and uncertainty of gait and caused her to walk as if she were drunk.

We think that the term "aggravation", as used in this instruction, meant the same as "increase". Matthew v. Wabash Railway (Mo. App.) 78 S. W. 271. When this instruction was considered with the idea in mind of the loss of service, we think it was correct, since it gave the jury some conception of what they should consider in arriving at the amount, if any, that they would allow the plaintiff to recover. Of course, the jury should not have allowed any recovery if the amount of disability to Mrs. Jones had not been increased; but it was for the jury to decide, under proper instructions, as to whether or not the plaintiff had lost any services by virtue of the increase in the disability, and that might or might not be an important item in the consideration for the loss of services. The aggravation of a previously existing disability would likely cause a greater loss of companionship than if the ag-

gravation had not occurred. The recovery here was for loss of companionship, which could have been greater because of this aggravation. There was no error in this instruction.

In their second proposition the defendants make no issue of the plaintiff's right to recover for the loss of his wife's companionship. They simply urge that the amount allowed by the jury is excessive. The evidence showed that the plaintiff and his wife were married in 1908, and had ever since lived together as husband and wife, and that one child had been born to the marriage; that Mrs. Jones, the plaintiff's wife, accompanied him out to the farm that they owned north of Sayre, and that she worked at the farm house, and they would work together; that they had been constant companions and associated together for their entire married life. That prior to the accident she enjoyed fairly good health; that she was in bed six months as a result of the injuries sustained in the accident, and that since she has been out of the hospital she has not been able to do any work in the house; that she has to walk about the house with a cane; that it is impossible for the plaintiff to carry on a conversation with her and have the companionship that they had before the accident. That she now "takes the dark side" of everything, has become more argumentative, and is not so agreeable to get along with, and her mind is not so clear since the accident as before. That she was 61 years of age at the time of the accident.

There is no yardstick by which the loss of companionship can be measured, but we will not say that the jury's verdict in this case was excessive. The defendants do not question the right of the plaintiff to recover for the loss of his wife's services under Aderhold v. Stewart, 172 Okla. 77, 46

P. 2d 346. It was not necessary for the plaintiff in this case to establish the pecuniary value of the loss of companionship, and the jurors were entitled to assess the damage for the loss of companionship from their observation, experience and knowledge, as applied to the circumstances of this case.

As to defendants' third proposition, that plaintiff's claim for repairs to his automobile was not established by competent proof, we do not think it is well taken. They rely upon the case of Oklahoma City v. Wilcoxson, 173 Okla. 433, 48 P. 2d 1039. There we said that before there can be liability for repairs to a damaged automobile, there must be proved not only negligence giving rise to the injury, but that repairs were necessary as a result of the injury; otherwise, there would be no causal connection between the damage and the wrong complained of. We think the evidence was sufficient to go to the jury on the question of negligence and that there was evidence that the repairs were necessary. We quote from the plaintiff's testimony:

"Q. What hit you, Mr. Jones? A. Marr Grocery Truck from Enid. Q. Where did it hit you? A. It hit the right rear wheel of my car. Q. What did it do to the car? A. It bent in the side of the car and ruined the wheel."

In this case there was nothing in the record which in any way questioned the correctness of the amount paid for repairs or the necessity therefor. The proper rule is that where there is nothing to cast suspicion on the reasonableness of the amount paid for repairs, it will be presumed to be reasonable. Sunbeam Beverage Co. v. Cunningham, 242 Ill. App. 401; Darling v. Yellow Cab Co., 238 Ill. App. 326; 25 C.J.S., Damages, Sec. 144, sub.(g).

Affirmed.