OKLAHOMA TRANSP. CO. et al.

v.

PHILLIPS.

No. 35559.

Supreme Court of Oklahoma.

Dec. 22, 1953.

Richardson, Cochran, Dudley, Fowler, & Rucks, and F. M. Dudley, Oklahoma City, for plaintiffs in error.

Frank Seay, W. B. Edwards, Seminole, for defendant in error.

WELCH, Justice.

The plaintiff's petition charged negligence on the part of the defendants in certain acts, and whereby bodily injury and pain and loss of physical fitness to perform labor resulted to the plaintiff.

In final paragraph of the petition it is stated:

"Wherefore, plaintiff prays judgment in the amount of $25,000.00 and for her costs."

The defendants, for answer, denied generally the allegations of the plaintiff's petition and pleaded contributory negligence and unavoidable accident.

At the beginning of the trial the defendants objected to the introduction of any evidence on the ground that the plaintiff's petition was insufficient to state a cause of action. The objection was overruled.

Trial resulted in a verdict and judgment thereon in favor of the plaintiff and against the defendants and for the sum of $10,308.

In appeal the defendants contend the plaintiff's petition fails to state a cause of action and hence that the trial court erred in overruling the defendants' objection to the introduction of evidence.

Argument against the sufficiency of the plaintiff's petition is based on the assertion that the prayer constitutes no part of the petition and that the petition, without a reference to the plaintiff's prayer, contains no statement of an amount of money which plaintiff claims as damages as is required by statute.

The statutory reference is to 12 O.S.1951 § 264, and to the provision thereof that a petition must contain a demand of the relief to which the plaintiff supposes himself entitled and if the recovery of money be demanded, the amount thereof shall be stated.

In argument the defendants cite the case of Fraley v. Wilkinson, 79 Okl. 21, 191 P. 156, wherein the court said:

"The plaintiff's prayer for a judgment is only a matter of form, and is no part of the statement of the cause of action."

Among other cases cited are Harmon v. Hines, 160 Okl. 120, 16 P.2d 94, and Mabry v. Baird, 203 Okl. 212, 219 P.2d 234. In these cases by way of pointing out a distinction between the statement of facts and the prayer, and as concerns the question of the relief that may be granted under the petition, it is stated that the prayer of a petition forms or constitutes no part of the petition. These expressions are not to be interpreted as a holding that the plaintiff's prayer for a judgment should never be considered as a part of the petition. Indeed, it is a requirement of the statute supra, that a petition must contain, "a statement of the facts constituting the cause of action." and, "a demand of the relief to which the party supposes himself entitled," and, "if the recovery of money be demanded, the amount thereof shall be stated".

In Fleming v. Perkins, 202 Okl. 217, 212 P.2d 122, 123, it is said:

"Under 12 O.S.1941, § 264, the demand for relief is a part of a petition, but does not constitute a part of the statement of the cause of action."

The defendants cite a case from another state which has a statute of similar provisions of section 264, supra, Or.L. § 67, par. 3, and wherein it was held that a complaint merely averring that plaintiffs "have suffered large damages", and not stating amount of damages claimed, is insufficient. Newport Const. Co. v. Porter, 118 Or. 127, 246 P. 211, 213.

■ Herein, the plaintiff's petition contains a statement of the facts relied on to support averments of negligence of the defendants, and of the resulting injury and damages to the plaintiff, and a prayer for judgment in the amount of $25,000. We find the petition is sufficient as concerns the

"statutory requirement that if the recovery of money be demanded, the amount thereof shall be stated.

The defendants assert that improper and prejudicial remarks of the plaintiff's counsel prevented the defendants from having a fair and impartial trial, and that the amount awarded the plaintiff as damages was excessive and was given under the influence of passion or prejudice.

The record reflects that during argument to the jury on behalf of the plaintiff the defendant interposed an objection, and on a stated basis, that the plaintiff's counsel "has just stated in argument to the jury that it made no difference, or would make no difference, what sort of a verdict was brought in this case; that the defendants would appeal it anyhow and not to bring in a verdict thinking it would prevent or stop an appeal in this case."

The defendant asked the court to admonish the jury not to consider the said statement made by the plaintiff's counsel. The court granted that request and stated to the jury, "you are not to take into consideration anything counsel on either side say except commenting on the evidence as given on the stand and the law as given to you by the court, and you are not to consider or take into consideration in any way any statement counsel has made as to appeal in this case."

■ The defendant made no motion or request to the court to declare a mistrial. The defendants apparently believed the mischief of the plaintiff's counsel's improper statement was undone by the court's admonition that the statement was not to be considered by the jury. No doubt the court believed the jury would disregard the objectionable remarks of plaintiff's counsel and give it no weight in arriving at their verdict. The verdict of the jury should not be nullified by vacation of the judgment thereon on account of an improper and reprehensible argument of counsel to the jury, unless it is apparent or quite probable that the jury was influenced by such improper argument and that substantial prejudice resulted therefrom. American Fidelity & Casualty Co. v. Bennett, 182 Okl. 71, 76 P. 2d 245.

■ Defendant contends the amount awarded as damages was excessive, but the applicable rule is that a new trial should not be granted on the ground of excessive damages unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality or prejudice. See Beatrice Creamery Co. v. Bagley, 173 Okl. 188, 47 P.2d 87, and cases cited therein.

According to testimony the plaintiff, at the fault of defendant, received a trauma to the body causing her to suffer pain at the time and continuous pain thereafter, and a reduced ability to perform such household tasks as she had theretofore been performing; by such trauma she sustained permanent injuries to her body from which she will hereafter continue to suffer pain and a reduced ability to perform physical labor. The plaintiff at the time the injury was inflicted was of the age of 51 years, and was in good health and physical strength and had theretofore been performing the tasks incident to the maintaining of a household for herself and husband.

■ Loss or reduction of physical ability to perform regular household tasks, and pain and suffering endured, and pain and suffering, in reasonable certainty or probability, that will be endured, all in consequence of injury, are proper items or elements of the damages that may be allowed toward recompense for the injury. There is no fixed rule or standard whereby damages for pain and suffering can be measured, and the amount of damages to be awarded for pain and suffering must be left to the judgment of the jury, subject only to correction by the courts for abuse and passionate exercise. 15 Am.Jur., Damages, § 72.

■ It was within the province of the jury to accept or reject the above mentioned testimony. Under the testimony, and its acceptance by the jury, it does not appear that the jury was influenced by improper argument or actuated by passion or prejudice in arriving at the amount of the verdict.

This court must not be understood as approving or sanctioning the jury argument

above noticed. Such argument or similar argument is improper as this court has held. See Sinclair Oil & Gas Co. v. Crane, 175 Okl. 198, 51 P.2d 711; American Fidelity & Casualty Co. of Richmond, Va., v. Bennett, 182 Okl. 71, 76 P.2d 245; City of Tulsa v. Macura, 186 Okl. 674, 100 P.2d 269. Such argument might well justify or require the granting of a mistrial, or in some cases require reversal of a judgment, depending on the full circumstances of the case and of the trial. In this case we do not find justification for reversal for the reasons above stated in some detail, but without any approval of the argument about which complaint is made.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.