Frank RULAND, Plaintiff in Error,

v.

ZENITH CONSTRUCTION COMPANY, a foreign corporation, Defendant in Error.

No. 36027.

Supreme Court of Oklahoma.

May 3, 1955.

Frantz C. Conrad, Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, Oklahoma City, for defendant in error.

### WILLIAMS, Vice Chief Justice.

This action was brought by Frank Ruland, hereinafter referred to as plaintiff, against Zenith Construction Company, hereinafter referred to as defendant, to recover damages for alleged injury to plaintiff's real property and for interference with plaintiff's quiet enjoyment and use thereof. A trial to a jury resulted in a verdict for plaintiff in the amount of $50 and judgment was rendered accordingly.

Plaintiff appeals because of the alleged insignificant amount of his recovery, urging three assignments of error.

As his first assignment of error, plaintiff urges error on the part of the trial court in excluding material and competent evidence. The only objection to the admission of testimony sustained by the court and excepted to by plaintiff set out in plaintiff's brief occurred when plaintiff's counsel made an offer of proof whereby he offered to prove by the testimony of plaintiff himself that by reason of the cursings and threats that were made toward plaintiff in the presence of plaintiff's wife, she (plaintiff's wife) became ill, nervous and sick, and was prevented from carrying on her household duties. Objection was made to such offer on the ground it was incompetent, irrelevant and immaterial, and that the witness was not qualified to testify to such matters, which was sustained by the court. Plaintiff states that it is clear that the court erred thereby, but does not point out in what way the court erred. Plaintiff's wife was not a party to the lawsuit and any damage she may have sustained was not material here. It is true that a husband may recover compensation for loss of services, society, and companionship of his wife, due to the negligence of another, in an action brought by him for that purpose. Aderhold v. Stewart, 172 Okl. 77, 46 P.2d 346. However plaintiff's petition here alleges no such cause of action. Plaintiff's petition alleges a cause of action for trespass to real property and an alleged assault upon himself. He does allege in his petition that his wife became ill and nervous, but he does not allege any resulting loss of services, society or companionship or pray for recovery for any such loss. Furthermore, the objection was properly sustained on the ground that the witness was not qualified to testify to the matter offered. Plaintiff's offer was to prove by his own testimony that certain things resulted in his wife becoming ill, nervous and sick. Plaintiff was a lay witness and not qualified as a medical expert. The cause of his wife's illness, if material to the case at all, is a matter of medical science to be established by expert testimony. Inter-Ocean Oil Co. v. Marshall, 166 Okl. 118, 26 P.2d 399; Cushing Coca-Cola Bottling Co. v. Francis, 206 Okl. 553, 245 P.2d 84. We conclude that the court did not err in excluding plaintiff's offer of proof.

As his second proposition, plaintiff urges error on the part of the trial court in admitting incompetent evidence on the part of the defendant. This assignment is directed toward the action of the trial court in allowing the defendant to introduce evidence showing that it had resorted to hand digging of the necessary trench across the easement over the rear of plaintiff's lot instead of using the ditching machine that had been used to prepare such trench across adjacent properties and that it cost defend-

ant $236.40 more to hand dig the trench than it would have cost to machine dig it.

In order to properly consider such proposition it becomes necessary to detail a portion of the factual situation involved. Plaintiff was and is the owner of a lot located in the city of Warr Acres upon which he established and maintained his home. The defendant was engaged in the construction of a sewer system for the city of Warr Acres pursuant to a contract with such city. One of the sewer lines constructed ran across the rear end of plaintiff's lot and the city of Warr Acres had obtained a five foot easement across the back of plaintiff's lot for the purpose of constructing such sewer line thereon. Plaintiff alleged that in constructing such sewer line defendant's employees did not confine themselves to the area covered by the easement, which they were entitled to use, but continually trespassed upon his private property by driving across the same in vehicles and by otherwise coming thereon, resulting in certain specified damage to such property. The evidence revealed that defendant commenced the construction of the sewer line across the properties adjacent to plaintiff's property by the use of a large ditch digging machine. Because of the size and manner of use of such ditch digging machine while in operation it extended approximately a foot outside of the easement over which it was operating and onto the adjacent property and threw dirt out the side of the machine and onto the property adjacent to such easement for a distance of some three additional feet. While this machine was being operated across the property adjacent to plaintiff's property plaintiff approached defendant's employees and advised them to stay off of his property and requested them to stop operating the ditch digging machine. Plaintiff then got his automobile and drove it to the rear of his lot, where he parked it on the edge thereof immediately adjacent to the easement, in order to prevent the ditch digging machine from passing across. Defendant's employees continued to operate the ditch digging machine across the adjacent property until it reached plaintiff's property line where it was stopped. As a result of plaintiff's remonstrances not to come on his property and his parking his car immediately adjacent to the easement line so as to block the passage of the ditch digging machine, defendant's employees eventually abandoned their efforts to construct the sewer line across the easement on plaintiff's lot by the use of the ditch digging machine and defendant later completed such sewer line across such easement by hand digging methods.

 In his petition herein plaintiff alleges that the trespass and assault sued upon were willful and malicious and prays for punitive damages in the amount of $10,000. The evidence in regard to the use of the more expensive method of hand digging the trench for the sewer line was offered to refute the charge of malice and to show good faith on the part of defendant and its employees, and we think it was competent for that purpose. Plaintiff contends the admission of such evidence was prejudicial error because the jury without any doubt set this extra cost ($236.40) off against any judgment or damage they allowed plaintiff. The record reveals that such could not possibly be the case, however. The only amount of actual damage sustained by plaintiff shown by his evidence in the case is the sum of $50. The jury returned a verdict for plaintiff in the amount of $50 actual damages, but denied him any recovery for punitive damages. Obviously, the jury did not set off the extra expense of $236.40 incurred by defendant against the damages allowed plaintiff, since the jury allowed the actual damage shown by the evidence in full and found that plaintiff was not entitled to punitive damages.

 As his last assignment of error plaintiff urges that he did not have a fair and impartial trial because of prejudice on the part of the trial judge against plaintiff and his cause of action. Plaintiff's motion for new trial contains no allegation of prejudice on the part of the trial judge nor does the petition in error herein contain any such allegation. Such contention is therefore not timely made. We have nevertheless reviewed the record and find

no evidence that the court was prejudiced nor that the attitude of the court was other than highly proper. We think the plaintiff had a fair and impartial trial, and finding no error therein, the judgment of the trial court is affirmed.

JOHNSON, C. J., and CORN, DAVISON, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.