CARRACO OIL COMPANY, a corporation, and Thomas W. Britton, sometimes referred to as Thomas A. Brittain, Plaintiffs in Error,

v.

George MORHAIN, Defendant in Error.

No. 39791.

Supreme Court of Oklahoma.

April 16, 1963.

King & Wadlington, by Carloss Wadlington, Ada, for plaintiffs in error.

Houston, Klein & Davidson, by Lee Grigg, Edmund Lashley, Tulsa, for defendant in error.

WILLIAMS, Justice.

George Morhain, defendant in error, filed an action against Carraco Oil Company, a corporation, and Thomas A. Britton, plaintiffs in error, to recover for personal injuries to himself and for the loss of services of his wife and the expenses of her funeral, all allegedly resulting from a collision of motor vehicles. Plaintiffs in error appeal from an order overruling their motion for a new trial, following judgment against them based upon the jury's verdict. The parties are referred to hereinafter as they appeared in the trial court.

For reversal defendants present three propositions. The first is that the Court erred in giving to the jury instruction numbered 5. This instruction is in pertinent part as follows:

> "If you find that the plaintiff is entitled to recover damages on his first cause of action, he should be fairly and justly compensated for the injuries and damages he has sustained. And in making your estimate you may consider * * *; sixth, such expense as in your judgment he would likely incur in the future for medical services, as you find from the evidence are reasonably certain it will be necessary for him to have, if any there be on account of the injuries received by him, as alleged, and allow him such amount as damages for such injuries as in your

sound and deliberate judgment he is entitled to under the evidence in this case, not exceeding a total amount of $159,500.00, the amount sued for on plaintiff's first cause of action."

■ Defendants argue that "Instruction numbered five was erroneous in that it allowed the jury to award such expense as plaintiff would likely incur in the future for medical services as there was no competent evidence that it was reasonably certain that there would be any expense incurred for such purposes in the future. Before an award for future medical expenses may be justified the evidence must indicate that future medical expenses are reasonably certain or probable."

The only doctor to testify was Dr. B., plaintiff's attending physician. On direct examination he was asked if he could state with any degree of certainty plaintiff's prognosis for the next few years in connection with the injuries. Dr. B.'s answer was, "No, I can not answer that because I don't know how much Mr. Morhain's going to use it."

Defendants' objection is not based upon the law permitting a recovery for future medical expenses but rather it is claimed that to sustain plaintiff's cause as to such would permit a recovery for such future medical expenses, without regard to whether there was evidence tending to show that medical attention would be reasonably certain to be required in the future.

In 25 C.J.S. Damages § 47b Future expenditures, p. 529, is found the following language:

> "The jury may, in assessing damages, consider the circumstance that in the future plaintiff will be subjected to expenses for doctor's bills, nursing, and attendance; and, if the condition of the person is such that further outlays for medical or surgical treatment or nursing and attendance will be required, they may give damages for such prospective expenses. There must, of course, be evidence in the case as to the probable necessity of such expenses."

There is no evidence in the record that plaintiff will probably have further surgery. The testimony on this point is unsatisfactory and inconclusive, rendering speculative whether such an operation will probably be necessary to the preservation of plaintiff's life or health. In the absence of any testimony that plaintiff at some time in the future will probably have to undergo an operation on his hip, there is no legal basis for assessing against defendants the cost of such an operation which may not occur.

Defendants have abandoned and withdrawn the claim of error of which they complained in Proposition II, of their brief.

Defendants' other propositions are related to the quantum of damages.

■ Defendants' third proposition is that "Excessive damages were awarded on the second cause of action in the petition of the plaintiff below, the same appearing to have been given under the influence of passion or prejudice and the judgment of the Court based thereon is not sustained by sufficient evidence and is contrary to law."

On the second cause of action which was for damages for the death of plaintiff's wife, the jury awarded plaintiff $17,500.00. The wife was 57 years of age at her demise. The parties stipulated that she then had a life expectancy of 17.92 years. Plaintiff was then 60 years of age and had a life expectancy of 15.92 years.

The evidence showed that plaintiff and his wife had been married forty years; that they had never been separated or initiated divorce proceedings; that the wife did all the household work.

In H. A. Marr Grocery Co. et al. v. Jones, 203 Okl. 698, 226 P.2d 392, 394, we said:

> "There is no yardstick by which the loss of companionship can be measured, but we will not say that the jury's verdict in this case was excessive. The defendants do not question the right of the plaintiff to recover for the loss of his wife's services under Aderhold v. Stewart, 172 Okl. 77, 46 P.2d 346. It

was not necessary for the plaintiff in this case to establish the pecuniary value of the loss of companionship, and the jurors were entitled to assess the damage for the loss of companionship from their observation, experience and knowledge, as applied to the circumstances of this case."

In Marland Refining Company v. Snider, 125 Okl. 260, 257 P. 797, 800, we said:

"In Nelson v. Lake Shore & M. S. R. Co., 104 Mich. 582, 591, 62 N.W. 993, 996, the following language was used: '* * * Certainly the service of a wife is pecuniarily more valuable than that of a mere hireling. The frugality, industry, usefulness, attention, and tender solicitude of a wife * * * surely make her services greater than those of an ordinary servant, and therefore worth more. These elements are not to be excluded from the consideration of a jury in making a mere money estimate of value.'"

■ The defendants rely on no fact other than the size of the verdict to establish passion or prejudice of the jury in fixing the amount thereof. We cannot say as a matter of law under the circumstances, that the verdict is so excessive as to indicate passion and prejudice. We, therefore, conclude that this court would not be justified in assaying to trim something therefrom under the facts of this case.

Defendants' last proposition is that "excessive damages were awarded on the first cause of action in the petition of the plaintiff below, same appearing to have been given under the influence of passion or prejudice." Defendants contend that "at the time of the trial he, (plaintiff) had not sustained any damage due to loss of earning capacity, and it was not certain that he would."

Plaintiff's evidence was to the effect that he had been a boiler maker since 1916; that a laceration on his head had to be sutured and one hip was knocked out of place; that he was earning approximately $176.00 per week at the time he sustained his injuries; that unless he leads a sedentary life the hip joint will degenerate and the head of the bond will have to be replaced with a steel ball with a shank on it; that he did not return to work until almost three months after the collision; that other men had to assume much of his responsibility after his return to work; that it was rather doubtful if he could "go out and cut the mustard on any given boiler maker's job."

Herein there was evidence that the plaintiff has endured physical pain and suffering and will probably experience further pain and suffering in the future.

■ In Magnolia Pipe Line Co. v. Brown, 195 Okl. 345, 157 P.2d 184, 185, 186, we said:

"In the case of Muskogee Electric Traction Co. v. Wimmer, 80 Okl. 11, 194 P. 107, in paragraph 2 of the syllabus, this court said: 'It would be impossible to recount all the factors which enter into the common and general notions of what is fair and just as a basis to measure the damages for personal injuries. There can be no absolute standard to measure such damages, and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which fixes the award. And in an action for personal injury a verdict will not be set aside for excessive damages unless it clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence, or prejudice, or has totally mistaken the rules of law by which damages are regulated. * * *'"

In Tulsa City Lines v. Geiger, Okl., 275 P.2d 325, 328, is the following language:

"We have no right to place limitations upon the amount of damages returned by a jury, unless we are convinced that the amount of recovery bears no relation whatever to the evidence, or that it was induced by bias or prejudice on the part of the jury.

Public Service Co. of Oklahoma v. Hawkins, 194 Okl. 272, 149 P.2d 783. A new trial should not be granted on the sole ground of excessive damages unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality or prejudice. Beatrice Creamery Co. v. Bagley, 173 Okl. 188, 47 P.2d 87."

Affirmed upon condition that within thirty days from finality of this opinion plaintiff shall file remittitur in the amount of $475.-00, same being the maximum portion of the verdict the jury could have included for future medical expenses under the evidence in this record; otherwise, reversed for the erroneous mention in the above instruction of future medical expenses.

HALLEY, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.