**M. K. & O. AIRLINE TRANSIT COMPANY, a corporation, Plaintiff in Error,**

**v.**

**Arlen R. DECKARD, Defendant in Error.**

**No. 40467.**

Supreme Court of Oklahoma.

Dec. 22, 1964.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for plaintiff in error.

Floyd L. Walker, Tulsa, for defendant in error.

WILLIAMS, Justice.

Reference to the parties to this appeal is as they appeared in the trial court.

This is a companion case to that of M. K. & O. Airlines Transit Co. v. Deckard, Okl., 397 P.2d 883, No. 40466, this day decided by this Court. The plaintiff in the case from which the present appeal was brought is the father of the plaintiff in the case from which the appeal in that case was brought. He was driving the automobile with which defendant's automobile collided. His suit and that of his minor daughter, by himself as father and next friend, were consolidated for trial. The appeals to this Court, however, were separately filed and briefed.

The first proposition in this appeal is substantially identical to that in the companion case and our treatment of it in our decision in such case No. 40,466 is dispository thereof.

The second proposition urged by plaintiff in error, defendant in the trial court, for reversal of the $14,837.05 judgment granted plaintiff in this case is that the trial court erred in instructing the jury, over defendant's objection, that in reach-

ing its verdict, if in plaintiff's favor, it might, among other things, take into consideration all of the medical expenses which the jury might find and believe from the evidence might be reasonably necessary to be incurred in the future, including those of plaintiff himself and of Edith René, the minor daughter, which were sustained as a result of defendant's negligence. Defendant says there is no evidence in the record that plaintiff or the members of his family involved in the accident would need medical attention in the future, except as to the minor daughter, the plaintiff in the companion case, and that as to future medical expense for her there was no showing as to the probable cost thereof.

Opposing the proposition plaintiff says the evidence established that both plaintiff and his daughter sustained residual, permanent injuries which would require undetermined amounts of future medical care. As to his own needs he directs our attention to the report from a member of the staff of Mayo Clinic, stating that the cause of pain above his left eye and the cause of hyperactive reflexes in his lower extremities had not been determined, advising observation, and if they progress, the doing of "further studies". The jury was warranted in finding from the evidence of medical experts that the present plaintiff's condition would probably require observation by medical doctors and that Edith René's condition would probably require the services of a trained child psychologist or psychiatrist for psychotherapy and that she would probably have to be "watched medically", all necessitating payment in the future of medical bills.

In this case plaintiff made no attempt to establish what the cost of future medical treatment of either himself or his daughter, Edith René, would be. The doctors themselves were not sure as to how much treatment would be necessary. However, even if further studies and medical observation should not require further medical treatment, there would be expense in making the further studies and observation.

There was sufficient competent evidence of the need for future medical care in the record to justify the giving of the instruction of which complaint was made. The fact that the cost of future medical care was not shown does not warrant reversal where the evidence in the case shows necessity for future expenditures therefor with reasonable certainty. We resolve the question in favor of the plaintiff.

The decision of this court in Carraco Oil Co. v. Morhain, Okl., 380 P.2d 957, did not require to be shown the probable cost of further medical needs. Quoting language from 25 C.J.S. Damages § 47b Future Expenditures p. 529, we said:

> " 'The jury may, in assessing damages, consider the circumstance that in the future plaintiff will be subjected to expenses for doctor's bills, nursing, and attendance; and, if the condition of the person is such that further outlays for medical or surgical treatment or nursing and attendance will be required, they may give damages for such prospective expenses. There must, of course, be evidence in the case as to the probable necessity of such expenses.' "

As was said in Shebester, Inc., v. Ford, Okl., 361 P.2d 200, there is no absolute standard to measure such damages and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which fixes the award.

Affirmed.

HALLEY, V. C. J., and DAVISON, JOHNSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and JACKSON and IRWIN, JJ., dissent.

JACKSON, Justice (dissenting).

In this case the plaintiff made no attempt to establish the dollar cost of future medical treatment for himself or his daughter, Edith René. The doctors were of the view that some future medical services would be required, but were not sure how much.

No effort was made to establish the cost of future medical services.

I realize that proof establishing with reasonable certainty that future medical services will be necessary, and the approximate cost thereof, is all that is required; but where, as in this case, there is no evidence or suggestion as to what these costs will be I believe the rule of "reasonable certainty" is violated if we approve this verdict. For this reason I believe we should require a remittitur or else direct a new trial.

I am authorized to state that IRWIN, J., concurs in the views herein expressed.