David W. JACKSON and Joyce F. Jackson, Appellants,

v.

James R. GLASGOW, d/b/a Paradise South Mobile Home Sales, and Redman Homes, Inc., a corporation, Appellees.

No. 52122.

Court of Appeals of Oklahoma, Division 1.

Dec. 18, 1980.

Released for Publication by Order of Court of Appeals Jan. 15, 1981.

Michael D. Lee, Stigler, for appellants.

A. Carl Robinson, Muskogee, for appellees.

BOX, Judge:

An appeal by David and Joyce Jackson, plaintiffs below, from an order of the trial court dismissing their breach of warranty action prior to trial.

The Jacksons filed a petition in the District Court of Haskell County naming as defendants James Glasgow, d/b/a Paradise South Mobile Homes, Inc., and Redman Homes, Inc. The petition alleged that the defendants breached express and implied warranties in the sale of a mobile home resulting in damages to the Jacksons.

The defendants filed answers containing general and specific denials. Paradise South also filed a cross-petition against Redman asserting that if there were any warranties, the warranties were the sole responsibility of Redman and requested a judgment over and against Redman in the event that the Jacksons received a judgment against Paradise South.

After all the pleadings were filed, the parties stipulated that the purchase price of the mobile home was $15,398.00, the mobile home was destroyed by fire subsequent to the filing of the petition, and the Jacksons and the finance company that financed the mobile home received $14,451.28 in insurance proceeds. The stipulation further stated that the Jacksons had occupied the mobile home from shortly after the date of purchase until it was destroyed by fire, and the amount of insurance paid represented the purchase price less a reasonable value for the occupancy of the Jacksons.

The trial court dismissed the case on the merits after a review of the pleadings and the stipulation without stating his reasons for the dismissal.

The Jacksons appeal from the order of dismissal. They contend in their sole proposition of error that the trial court's conclusion that no issue of fact remained between the parties was erroneous. To support this contention the Jacksons assert that their petition stated a cause of action for breach of express and implied warranties in the sale of a mobile home, and a transaction of this nature is governed by Article 2 of the Uniform Commercial Code, 12A O.S.1971, §§ 2–101 to 2–725, (hereinafter cited by U.C.C. section number only). The Jacksons further assert that the code provides the sole remedies and the measure of damages available to a buyer upon proof of a seller's breach of warranty, and the receipt of the insurance proceeds does not establish as a matter of law that they have been fully compensated for all loss. Therefore, the Jacksons request this court to reverse the decision below and remand the case for trial.

The dismissal was on the merits, which is an allowable disposition under 12 O.S.1971,

§ 683 (sixth). However, the trial court had before it only the pleadings of the parties and a stipulation that the mobile home in question had burned and insurance proceeds had been paid. Thus the issues which must be addressed to ascertain whether the dismissal was appropriate are: (1) did the Jacksons' petition state a cause of action cognizable under Oklahoma law; (2) if so, does the amount of insurance proceeds fully compensate them for any and all damages, which such a cause of action, if proved, would entitle them under the applicable law?

The Oklahoma Supreme Court expressly recognized that the sale of a mobile home is a sale of "goods" governed by Article 2 of the Uniform Commercial Code in *Osburn v. Bendix Home Systems, Inc.*, Okl., 613 P.2d 445, 448. See § 2–105. The code recognizes three types of warranties: an express warranty (§ 2–313), an implied warranty of merchantability (§ 2–314), and an implied warranty of fitness for a particular purpose (§ 2–315), and it provides remedies for the buyer in the event of the seller's breach of any of these warranties. (§§ 2–714, 2–715).

The Jacksons' petition alleged a sale of a mobile home by defendant, Paradise South, to the Jacksons, that upon taking occupancy numerous defects were found, these defects were brought to the attention of Redman and Paradise South by telephone calls and letters from the Jacksons, some defects were repaired while others were not, but the Jacksons were dissatisfied with the attempted repairs. The petition alleged that the failure of the defendants to put the mobile home in proper repair constituted a breach of the express and implied warranties causing damages to the Jacksons. The petition prayed for compensatory damages in the amount of $6,627.60, punitive damages in the amount of $50,000, and any and all other relief to which they were entitled under the evidence.

 The petition states facts sufficient to state a cause of action for breach of an implied warranty of merchantability. § 2–314. It alleges a merchant (§ 2–104) sold goods, which were not merchantable at time of sale, that the plaintiff was damaged due to the nonmerchantability of the goods; and the buyer notified the seller of his dissatisfaction. *Cf.* J. White & R. Summers, Uniform Commercial Code § 9–6, at 343. It fails to state a cause of action for breach of an implied warranty of fitness for a particular purpose because it fails to allege facts to show that the buyer relied on the judgment of the seller or that the seller had reason to know of any particular purpose for which the goods were to be used. Both are required elements for such a breach to occur. *See* § 2–315. It also fails to state a cause of action for an express warranty unless the express warranty is identical to the implied warranty of merchantability in what it warrants.

 A petition that alleges sufficient facts to show the plaintiff was wronged by the misconduct of the defendants and suffered damages from the misconduct for which the law recognizes a form of redress states a cause of action, *Smith v. Torr*, Okl., 310 P.2d 378, 380, and is sufficient to withstand a demurrer. *Leigh v. Wadsworth*, Okl., 361 P.2d 849, 850.

 The petition prays for relief in the form of exemplary as well as compensatory damages. Generally, exemplary damages are not allowable for the breach of a contractual obligation. But they may be awarded, if the defendant's breach amounts to an independent willful tort. *Z. D. Howard Co. v. Cartwright*, Okl., 537 P.2d 345, 347. It is not fatal to the petition, however, that the prayer for damages includes a request for exemplary damages. This is so because although relief is a necessary part of a petition under 12 O.S.1971, § 264(3), it is not a part of the statement of the cause of action. *Fleming v. Perkins*, Okl., 212 P.2d 122, 126. The statute does require that if the relief requested is money, the amount must be stated. *Oklahoma Trans-*

*portation Co. v. Phillips*, Okl., 265 P.2d 467, 468–69. The petition stated the amount and is not defective due to its request for other relief.

Thus the Jacksons effectively stated a cause of action. Now we consider whether the receipt of insurance proceeds was conclusive of the Jacksons' right to recover. The pleadings of the parties conclusively show a sale of a mobile home, and that the buyer accepted delivery of the home. In this instance the code provides the buyer with the remedies contained in sections 2–714 and 2–715. Section 2–714 provides in pertinent part:

> (2) *The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted,* unless special circumstances show proximate damages of a different amount.

> (3) In a proper case any incidental and consequential damages under the next section [2–715] may also be recovered. (Emphasis added.)

In addition to the general measure of damages in § 2–714(2), section 2–715(1) allows for recovery of incidental damages. These would not be recoverable in this action because the owner accepted the goods rather than taking other actions afforded him under the code upon seller's breach. § 2–715, Comment 1. Section 2–715(2) allows the buyer to recover any consequential damages, of which the seller "had reason to know" in advance, but imposes an obligation on the buyer to act reasonably to mitigate his damages. § 2–715, Comment 2. It places the burden of proving damages in any manner, which is reasonable under the circumstances, on the buyer. § 2–715, Comment 4.

The insurance proceeds that were stipulated represented an amount equal to the purchase price less a reasonable value for buyer's occupancy. We are unable to find as a matter of law that this measure represents the recovery that defendant may be able to prove under the above authority. Of course, since this is a contract action, the defendant may use the fact of insurance proceeds in reduction of the damages. 25 C.J.S. *Damages* § 97 (1966).

We note that both Appellants and Appellees argue matters which are not part of the record, therefore, these issues are not properly before us and will not be addressed. The trial court erred in dismissing this action, therefore we reverse and remand to the trial court with instructions to reinstate plaintiffs' cause of action and proceed to trial in accordance with the views expressed in this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., concurring.